WHITMORE *v.* TATUM.

Decided May 2, 1891.

| 54 | 457 |
| 64 | 215 |
| 54 | 457 |
| 84 | 306 |

*Mortgage—Equity of redemption—Sale on execution.*

> A mortgagee of real estate, who has caused the equity of redemption of the mortgagor to be sold under execution upon a judgment at law for part of the debt secured, may enforce the lien of the mortgage against the purchaser.

APPEAL from *Saline* Circuit Court in chancery.
JAMES B. WOOD, Judge.

Tatum sold certain lands to R. A. Whitmore, and, to secure payment of the four purchase notes, took a mortgage on the lands and had it recorded.   The first note being un paid, he obtained a judgment on it and had an execution levied upon the lands.   At the sale he publicly announced that he held a mortgage for the balance of the purchase money, and that the purchaser would take the lands subject to his lien.   J. B. Whitmore became the purchaser at the sale.

This suit was subsequently brought against R. A. and J. B. Whitmore to foreclose the mortgage.   The latter contended that, through the purchase at the execution sale, he became the owner of the fee in the land, freed from the mortgage lien.   The court decreed that the mortgage be foreclosed.

J. B. Whitmore has appealed.

*U. M. & G. B. Rose* for appellant.

A sale of the mortgaged property, under an execution issued by the mortgagee on the mortgage debt, is a waiver of the mortgage.   15 Ohio, 467; *id.*, 84; 2 Blackf., 243; 73 Ind., 304; 88 Ill., 90; 1 Greenl., 297; 52 Me., 405; 75 *id.*, 399; 7 Watts, 475; 10 Pa. St., 472; 11 *id.*, 282; 18 *id.*, 215.

*Thos. B. Martin* for appellee.

The equity of redemption was alone sold, and the purchaser took subject to the mortgage lien.   Mansf. Dig., sec. 3001; 25 Ark., 277; 6 *id.*, 269; 27 *id.*, 673; 2 Gr. Chy., 513. The precise point is settled by 31 Ark., 109; *ib.*, 436; and has become a rule of property in this State.   43 Ark., 513.

**Execution sale of equity of redemption.**   COCKRILL, C. J.   It has been commonly considered oppressive to the mortgagor for the mortgagee to levy an execution issued upon a judgment for the recovery of an installment of the mortgage debt, upon the equity of redemption in the mortgaged premises, while he retains his title and lien as mortgagee.   To avert that evil, some courts have held that a sale under the execution extinguishes the lien of the mortgage.   Chancellor Kent, however, expressed

the opinion that the true and only remedy for the mischief (where the equity of redemption is the subject of sale under execution, as it is in this State), was for the court of equity to prevent the mortgagee from proceeding at law to sell the equity of redemption. *Tice* v. *Annin*, 2 Johns. Chy., 130. The Supreme Court of New York, while Kent was Chief Justice, in a *per curiam* opinion most probably delivered by him, had previously ruled that the interest of the mortgagor passed by such an execution sale, and that the interest of the mortgagee was affected no further than the price paid for equity of redemption went to diminish the mortgage debt. *Jackson* v. *Hull*, 10 Johns., 481. In the case of *Rice* v. *Wilburn*, 31 Ark., 108, this court followed the latter case and others in line with it, in preference to those adopting the remedy first mentioned. The question whether the sale in this case might have been enjoined at the suit of the mortgagor is not presented by the record, for he did not complain. But the case of *Rice* v. *Wilburn* is controlling authority against the complaint of the purchaser at the execution sale. It is there ruled that he takes only the equity of redemption, and the ruling is adhered to.

The appellant in this case was such a purchaser, and was apprised by the record of the lien which he now seeks to defeat. He had also actual knowledge of the fact that there was a balance due upon the mortgage debt, and he must have heard the announcement at the execution sale that the land was to be sold subject to the mortgage lien. There is then nothing upon which to base an estoppel by conduct against the mortgagee.

Finding no error, the judgment is affirmed.