GEORGE T. HUME v. C. T. ATKINSON.

No. 322.

1. PRACTICE, DISTRICT COURT—*Right to Dismiss One Cause of Action.* Where two causes of action are indefinitely stated in a petition, and the petition is not attacked by motion separately to state and number the causes of action or to make more definite and certain, it is not error to permit the plaintiff during the trial to abandon one of the causes and proceed with the other.

2. PROMISE FOR BENEFIT OF THIRD PERSON—*Case Cited and Followed.* The case of *Mfg. Co. v. Burrows,* 40 Kan. 361, 19 Pac. 809, cited and followed.

3. RECORD *Examined—No Evidence.* The record examined, and *held,* that there is no evidence to support the verdict.

Error from Cowley district court; A. M. JACKSON, judge. Opinion filed August 15, 1898. Reversed.

*Charles L. Brown,* for plaintiff in error.

*C. T. Atkinson,* for himself.

The opinion of the court was delivered by

SCHOONOVER, J. : The petition in this case alleged, in an indefinite way, two causes of action. The defendant in error, after setting up the note and chattel mortgage which he held against James W. Feagins, alleged that "the said George T. Hume had full knowledge of the execution, delivery and existence of said mortgage, and with such knowledge he purchased of James W. Feagins the corn mentioned and described in said mortgage, and took possession of the same and converted it to his own use." It is further alleged :

"Plaintiff further says, that after the defendant had purchased said corn and before he had paid for the same, if he ever has paid for it, he promised and agreed to pay the plaintiff for said corn the balance

due to plaintiff on said note, to wit, the sum of $571. Plaintiff now says that, notwithstanding the said defendant has secured and converted to his own use the whole of said corn, and notwithstanding his promise and agreement to pay plaintiff, he has neglected and failed to do so, though the same is long past due.''

No motion was made to require the pleader separately to state and number his causes of action, and no motion was made to require him to make his petition more definite and certain.

During the trial plaintiff abandoned his right to recover on his chattel mortgage, and relied upon the promise made by Hume to Feagins to pay the purchase-price for the corn to C. T. Atkinson in payment of Feagins's debt.   This cause of action was indefinitely stated in the petition, it was not attacked in any way by motion, and, as against an objection to the introduction of evidence, must be held good.   Where two causes of action are indefinitely stated in a petition, and the petition is not attacked by motion separately to state and number the causes of action, or to make more definite and certain, it is not error to permit the plaintiff, during the trial, to abandon one of the causes and proceed with the other.

George T. Hume purchased from James W. Feagins his entire crop of corn, being between three and four thousand bushels, at twenty-five cents per bushel. Feagins was indebted to C. T. Atkinson, defendant in error, in the sum of $795.67 on a promissory note secured by chattel mortgage.   Hume agreed with Feagins to pay Atkinson the amount due from Feagins on the note and mortgage.   The contract of sale between Hume and Feagins was never fully completed ; that is, all the corn purchased was not delivered.

At the commencement of the trial the plaintiff in error objected to the introduction of any testimony, for

the reason that the agreement of Hume to pay the debt of Atkinson was not in writing. Plaintiff in error now contends that this breach of contract resulted in a failure of consideration and at the same time established a complete defense for Hume against this action of Atkinson. The law applicable to the above facts is well stated in the following cases. In *Mfg. Co. v. Burrows*, 40 Kan. 361, 19 Pac. 809, the supreme court said:

·"Where a purchaser of property agreed to pay the purchase-price to a third person in liquidation and payment of a debt due from his vendor to such third person, the third person may maintain an action against the purchaser on such promise and for the purchase-price of the property, although he was not one of the contracting parties and had no knowledge of the contract at the time it was made.

"In such a case, where the third person sues both the purchaser and the vendor in the same suit before a justice of the peace, and obtains a judgment in that court against both, and the purchaser appeals to the district court, *held*, that the third person may still maintain his action against the purchaser, although the judgment against the vendor is still standing unreversed and unsatisfied."

In *Clay v. Woodrum*, 45 Kan. 123, 25 Pac. 621, the ·court said:

"It is well settled in this state, that where one person agrees with another to do some act for the benefit of a third person, such third person, though not a party to the promise, may maintain an action against the first party for a breach of the agreement. (*Manufacturing Co. v. Burrows*, 40 Kan. 361; *Mumper v. Kelley*, 43 id. 256, 23 Pac. 558.) The third party, however, who avails himself of such a contract, and claims under its provisions, is subject to the defenses arising out of the contract between the original parties."

The trial court fairly submitted the issue as tried.

The jury returned a verdict in favor of the plaintiff below for $266.67. If there is any evidence tending to support this finding, our attention has not been called to it by the defendant in error, and we have been unable to find it in the record.

James W. Feagins contracted with George T. Hume to sell and deliver to George T. Hume certain corn for a fixed price. This contract was made some time in August, 1893. Between August and December, 1893, Feagins delivered some corn to certain persons on orders from George T. Hume. In December C. T. Atkinson, George T. Hume and James W. Feagins agreed that the money to be paid to James W. Feagins by George T. Hume for corn should be paid to C. T. Atkinson in satisfaction of a debt from James W. Feagins to C. T. Atkinson. By this agreement C. T. Atkinson gained no greater rights than James W. Feagins had. The evidence fails to show that the corn delivered by Feagins to Hume prior to December, 1893, had not been paid for prior to that date. In fact, all of the evidence on that point tends to show that it had been paid for. The evidence fails to show that any corn was delivered by Feagins to Hume after this agreement in December. This promise to pay Atkinson was not in writing, but a delivery of the corn from Feagins to Hume would be a sufficient consideration. As we view the record, C. T. Atkinson failed to prove that it was delivered or that any part of it was ever delivered after the contract in December, or that Hume at the time the contract was made in December was indebted to Feagins for any corn delivered, or that he became indebted to him thereafter for any corn delivered. Hume's promise to pay Feagins a stated amount for corn would not entitle Feagins to collect that amount from Hume unless

Feagins first delivered the corn. Then the promise of Hume to Atkinson to pay Atkinson instead of Feagins will not entitle Atkinson to recover the price of the corn until he shows that Feagins has delivered it. . There is no evidence to support this finding.

The judgment of the district court is reversed.