M. J. MALANAPHY, ET AL., Appellees, v. FULLER AND JOHNSON MFG. Co., ET AL., Appellants.

**Promise to pay the debt of another:**  RIGHTS OF CREDITOR.  Where one, for a consideration, agrees to assume and pay the debt of another, the creditor is impliedly included within the privity of the promise, and he may single out and sue the promisor therefor, subject, however, to all equities arising out of the contract affecting the principal parties.

**Principal and surety.** Where one, for a consideration, contracts with another to pay his debt, the promisor becomes the principal and the promisee the surety, and the creditor who accepts of the promise is bound to observe the relationship of principal and surety existing between them.

**Release of surety.** Where the purchaser of a firms business assumes and agrees to pay a debt of the firm evidenced by a note, and the creditor refuses to accept the purchaser's note but does accept a note executed by both the purchaser and the firm, without surrendering the original note, a settlement and discharge from liability of such purchaser operates to release the original debtor from all liability also.

*Appeal from Winneshiek District Court.*— HON. L. F. FEL-
.LOWS, Judge.

TUESDAY, DECEMBER 13, 1904.

ACTION in equity to restrain the enforcement of a judgment at law under execution. The action was commenced by M. J. Malanaphy and James Daly, formerly partners under the firm name of Malanaphy & Daly, and as such doing business at Decorah, this State, as dealers in farm implements. Before the trial the said Malanaphy died intestate, and Mary A. Malanaphy, administratrix of his estate, was substituted as plaintiff. The material facts are not seriously in dispute. On June 20, 1889, the firm of Malanaphy & Daly was indebted on merchandise account to the defendant company in the sum of $179, and on that day the firm note was given for said sum, due November 1, 1890, with interest after maturity. Shortly thereafter Malanaphy & Daly sold and transferred its business, including stock on hand, to the partnership firm of Christen & Gilbertson. As part of the consideration for the sale Christen & Gilbertson assumed and agreed to pay the indebtedness to defendant represented by the note given as above stated. Malanaphy & Daly wrote to the defendant company, giving advice of the sale, and requesting the acceptance of a note of Christen & Gilbertson in place of their obligation. This

the defendant by letter declined to do.    It appears, however, that a note payable to the defendant company was executed for the sum named, due November 1, 1890, with interest after maturity, signed " Christen & Gilbertson," and below, " Malanaphy & Daly," and this note was sent to the defendant company.    The record is silent as to any correspondence, if such there was, subsequently had, making further reference to the subject.    It sufficiently appears, however, that the defendant company was advised as to the assumption of the debt by Christen & Gilbertson, and the secretary thereof testified as a witness upon the trial that, while the company refused to accept of the later note and release Malanaphy & Daly on the former one, it did accept and hold such later note as collateral security.    The firm of Christen & Gilbertson thereafter obtained goods of the defendant company on credit, and later on a judgment was recovered against said firm on such account.    In February, 1892, the defendant company brought suit in the district court of Winneshiek county on the said note of Christen & Gilbertson and Malanaphy & Daly, and obtained judgment by default against Clarence Christen, one of the members of the firm of Christen & Gilbertson, and M. J. Malanaphy and James Daly, for the face amount of such note and interest accrued.    In February, 1895, the defendant company accepted from said Clarence Christen the sum of $200, of which sum it applied $41.60 on said note judgment, and the balance on the judgment held by it against Christen & Gilbertson.    In consideration of such payment, defendant executed and delivered to said Christen a writing whereby, as to the note judgment in question, it did " release the said Clarence Christen from any and all liability under and by virtue of said judgment, and hereby discharge said judgment of record as to said Clarence Christen, but as to the other defendants the judgment shall be and remain in full force and effect."    It appears that this was done without the knowledge or consent of Malanaphy & Daly.    Defendant being about to enforce collec-

tion of the balance of such note judgment by execution, this action was brought for an injunction to restrain the same, and further praying that said judgment be held as of no further effect, and for cancellation thereof.    Trial being had, there was a decree in favor of plaintiffs, and defendants appeal.— *Affirmed.*

*Dan. Shea,* for appellants.

*W. L. Converse,* for appellees.

BISHOP, J.— The contention of plaintiffs in the court below was that the release of Christen from all further liability upon the judgment now sought to be enforced operated

1. PROMISE TO PAY THE DEBT OF ANOTHER: rights of creditors.

*ipso facto* to release both Malanaphy and Daly, and such is the argument in this court.    A correct understanding of the relations of the several parties, each to the other, will serve to make clear the proper determination of the question thus presented.    The defendant company having refused to accept of a note signed by Christen & Gilbertson in payment of the note held by it against Malanaphy & Daly, the latter, as a matter of course, continued to be bound upon its obligation according to the terms thereof.    Now, as already stated, when Malanaphy & Daly sold and transferred its property to Christen & Gilbertson, the latter, in consideration thereof, and as part payment of the purchase price, assumed and agreed to pay the debt owing by Malanaphy & Daly to the defendant company. The rights of the parties arising out of this situation may be stated thus: As between Christen & Gilbertson and the defendant company, the implied relation of debtor and creditor arose *eo instante* by operation of law.    It is well-settled doctrine that, where one for a sufficient consideration agrees to assume and pay the debt of another, the creditor is impliedly included as within the privity of the promise, and he may single out the promisor and sue him by direct action. *Johnson v. Knapp,* 36 Iowa, 616; *Poole v. Hintrager,* 60

Iowa, 180; *Maxfield v. Schwartz,* 43 Minn. 221 (45 N. W. Rep. 429). Necessarily the rights of a party for whose benefit a promise is made must be measured by the terms of the agreement between the principal parties, and the right to recover from the promisor is not absolute in all cases. Among other limitations, the party to be benefited takes subject to all inherent equities arising out of the contract, as affecting the principal parties one with the other. This follows naturally from the relation of privity which the law implies. *Dunning v. Leavitt,* 85 N. Y. 30 (39 Am. Rep. 617); *Ellis v. Harrison,* 104 Mo. 270 (16 S. W. Rep. 198); *Brandon v. Hughes,* 22 La. Ann. 360; *Trimble v. Strother,* 25 Ohio St. 378; 7 Am. & Eng. Enc. Law (2d Ed.) 109.

Turning our attention to the principal parties to the contract, it is quite clear that as between them the promisor became primarily liable for the debt. It assumed the rela-

2. PRINCIPAL AND SURETY. tion of a principal, and, as to it, the obligation of the promisee became that of a surety only. As supporting this conclusion, see *Corbett v. Waterman,* 11 Iowa, 86; *Robertson v. Stuhlmiller,* 93 Iowa, 326; *Jefferson v. Asch,* 25 L. R. A. 257, note; 27 Am. & Eng. Enc. Law (2d Ed.) 433. Now, as a creditor for whose benefit a promise is made takes subject to the equities existing between the principal parties, it follows conclusively that, if he accepts of such promise, he becomes bound to observe the relationship of principal and surety existing between the principal parties, and must act in recognition thereof.

As we think, the status of the parties to this action was fixed, as of the time of the promise, by the rules of law thus referred to. We may proceed, therefore, to inquire what

3. RELEASE OF SURETY. change, if any, resulted from the subsequent execution and delivery of the note signed by both the firms named. As we have stated, the giving and retention of such note seems to have been without agreement in terms relating thereto. The statement made by the secretary of the defendant company that it was held as collateral

security was evidently a mere conclusion on his part as to the effect of the situation. However this may be, it is clear that such was not the effect implied by law. As the later note was for the same amount, due at the same time, and upon the same terms, as the original note of Malanaphy & Day, and as Malanaphy & Daly were already liable for the debt represented on a direct promise, and the firm of Christen & Gilbertson liable in the same measure upon a promise implied by law, it must be evident that the only change in the situation was the substitution, through the medium of the note, of a direct promise on the part of Christen & Gilbertson in lieu of the implied promise theretofore existing. The defendant company received nothing collateral in character. It simply held the note as written evidence that both firms were obligated for the payment of the debt. It is to be said, however, that the receipt and acceptance of the note had the effect to further apprise the defendant company of the relation existing between the two firms, and of its obligation to respect the same.

Accepting of the situation as we find it, our conclusion is that the release of Christen operated to release his principals, Malanaphy and Daly, who, as to him, and with knowledge on the part of the defendant company, were secondarily bound only for the payment of the judgment. The conclusion thus reached has support further in the following cases: *Ames v. Maclay,* 14 Iowa, 281; *Chambers v. Cochran,* 18 Iowa, 159; *Taylor v. Short's Adm'r,* 27 Iowa, 361; *Roberts v. Richardson,* 39 Iowa, 290.

It follows that the decree of the trial court was right, and it is *affirmed.*