[Civil No. 2117.   Filed March 4, 1925.]

[233 Pac. 582.]

## G. R. DUNCAN, Appellant, v. N. L. NOWELL and H. E. RUSSELL, Copartners Doing Business as NOWELL and RUSSELL, Appellees.

1. APPEAL AND ERROR—TRIAL COURT PRESUMED, IN ABSENCE OF FINDINGS, TO HAVE MADE EVERY FINDING NECESSARY TO SUPPORT JUDGMENT.—Where no findings of fact were made, the Supreme Court must assume that the trial court made every finding necessary to support the judgment.

2. APPEAL AND ERROR—FINDINGS NOT DISTURBED WHERE THERE IS REASONABLE EVIDENCE TO JUSTIFY THEM.—Findings will not be disturbed if there is reasonable evidence in the record to justify them.

3. NOVATION—BUYERS LIABLE ON AGREEMENT TO PAY SELLER'S DEBT, EFFECTING TRUE NOVATION, REGARDLESS OF VALUE OF GOODS.— If buyers' agreement, made as a part of the consideration for the goods, to pay seller's debt effected a true novation, buyers would be liable to seller's creditor, regardless of value of goods.

4. CONTRACTS—PARTIAL FAILURE OF CONSIDERATION HELD TO RELIEVE BUYERS FROM AGREEMENT TO PAY SELLERS' DEBT.—Buyers of hay, who agreed, as a part of the consideration, to pay certain amount to sellers' creditor, in reliance on representations of third person as to amount of hay, were relieved from liability on ground of partial failure of consideration, where there was not sufficient hay for payment of such amount.

5. CONTRACTS—ONE TAKES CONTRACT MADE FOR HIS BENEFIT BY ANOTHER SUBJECT TO ALL LEGAL DEFENSES AND EQUITIES.— One who seeks to take advantage of a contract made for his benefit by another must take it subject to all legal defenses and inherent equities arising out of the contract as between the parties thereto, and must bear the burdens thereof.

See (1) 4 C. J., p. 778. (2) 4 C. J., p. 879. (3) 29 C. J., p. 1138. (4) 13 C. J., p. 369. (5) 13 C. J., p. 699.

APPEAL from a judgment of the Superior Court of the County of Maricopa. F. H. Lyman, Judge. Affirmed.

Mr. B. E. Marks, for Appellant.

Mr. Earl Anderson, for Appellees.

LOCKWOOD, J.—G. R. Duncan, hereinafter called the plaintiff, performed certain work for the Avondale Land Syndicate, a copartnership consisting of some five members, and received therefor its promis-

3. See 20 R. C. L. 374.

4. Failure of consideration as defense to contract, see note in 13 Am. Dec. 378. See, also, 6 R. C. L. 890.

5. Action by third person on promise made for his benefit, see note in 39 Am. St. Rep. 531.

sory note in the sum of $2,315. At the time the note fell due some of the different members composing this syndicate were engaged in various other enterprises, among which was the Jordan, Grace & Phelps Land Company, and the syndicate being unable or unwilling to pay the note when due it was agreed the land company should sell certain hay which it owned, and from the proceeds of such sale the plaintiff should be paid.

A written contract was entered into between the Jordan, Grace & Phelps Land Company and N. L. Nowell and H. E. Russell, a copartnership under the name of Nowell & Russell, hereinafter called defendants, which said contract reads as follows:

"Gilbert, Arizona, December 18th, 1920.

"This Memo Witnesseth that Nowell & Russell hereby agree to buy all the Joe Maier hay now on land occupied by said Maier, at market price, as delivered by said Maier to Nowell & Russell not later than February 1, 1921. It is agreed that the amount paid for said hay shall be and is paid out as follows: $1,000.00 this day paid Jordan, Grace & Phelps Land Company; $1,750.00 to be paid said Jordan, Grace & Phelps Land Company December 23, 1920, and $2,407.60 to be paid G. R. Duncan by Nowell & Russell not later than February 1, 1921.

"It is agreed that should $2,407.60 account of Jordan, Grace & Phelps Land Company with the said Duncan *is* less than $2,407.60 that the said Duncan will refund the difference.

"Also, should the hay at the price bought and agreed to by Joe Maier amount to less than $5,157.60 that Jordan, Grace & Phelps Land Company guarantee to refund to said Nowell & Russell the deficit and should the hay amount to more than $5,157.60 that the said Nowell & Russell will pay Jordan, Grace & Phelps Land Company the excess.

"[Signed]    JORDAN, GRACE & PHELPS LAND CO.

"NOWELL & RUSSELL,
"By N. L. N."

The $2,750 was paid the land company as provided in the contract but plaintiff received only the sum of $762.75 in cash and hay. He demanded payment of the balance from defendants, and on their failure to pay he brought suit on the contract for the amount he claims due him thereunder.

Defendants answered, admitting the contract, but alleging substantially that the land company had represented the hay in question amounted to at least 250 tons, of a market value of $5,157.60, and that they entered into the contract relying on these representations; that such representations were false and untrue and known to be such by the land company at the time of the making of the contract, and were made to induce the defendants to enter into it; that there was, in fact, only about 166 tons of hay of the value of $3,599.81; and that they had fully paid therefor, except the sum of $86.81, which they tendered to plaintiff.

The case was tried to the court without a jury and a judgment rendered for plaintiff for $86.81 and costs. The usual motion for new trial was made and denied and plaintiff appealed.

There were no findings of fact made by the trial court and we must therefore assume it made every finding necessary to support the judgment, and if there is reasonable evidence in the record to justify such findings we will not question them. *Blackford* v. *Neaves,* 23 Ariz. 501, 205 Pac. 587.

We have examined the reporter's transcript with great care, and there is not a scintilla of evidence to support any finding that the land company in any manner made any false and fraudulent representation as to the amount of the hay. Consequently, if such a finding is necessary to sustain the judgment, it cannot stand.

The following facts are not in dispute. At the time of the contract one Maier, who had grown and baled the hay, represented to all the parties that there was at least 220 tons of it. He was the only person who even pretended to know how much hay there was, and all the parties acted on his statement in good faith. At that time the hay was worth from $25 per ton upward. Had the quantity stated by Maier been correct, and had the price held up, doubtless this suit would never have occurred. The hay, however, fell short some 50 tons of Maier's estimate, and the price dropped as low as $19 per ton before it was all disposed of. As a result defendants did not get enough from the hay to pay both the land company and the plaintiff, in accordance with the contract.

It will be noted from the terms thereof, the payments to the land company were to precede any payments to plaintiff and the evidence further shows that it was not until after these payments to it were made, that any of the parties realized there would be a deficiency in the quantity of hay.

Of course, if there was a true novation, it would make no difference whether or not defendants received the full amount of hay bargained for, as in such case they would be liable to plaintiff for the amount of the debt, regardless of the value of the hay.

The evidence on the point was conflicting, however, and in view of the judgment we must assume the trial court found against plaintiff on that issue. We therefore have left for us the following proposition of law. When, relying on a misrepresentation of fact as to the consideration made by a person not a party to the agreement, and without any fraudulent intent on his part, two persons enter into a contract partly for the benefit of a third, such as that set up

herein, can the third party recover ·thereon, notwithstanding a partial failure of consideration?

The rule of law is that one who seeks to take advantage of a contract made for his benefit by another must take it subject to all legal defenses and inherent equities arising out of the contract as between the parties thereto, and must bear the burdens thereof. *Hume* v. *Atkinson,* 8 Kan. App. 18, 54 Pac. 15; *Malanaphy* v. *Fuller & Johnson,* 125 Iowa, 719, 106 Am. St. Rep. 332, 101 N. W. 640; *Jenness* v. *Simpson,* 84 Vt. 127, 78 Atl. 886.

The cases of *Clay* v. *Woodrum,* 45 Kan. 116, 25 Pac. 619, and *Davis* v. *Dunn,* 121 Mo. App. 490, 97 S. W. 226, are very similar in their facts to the case at bar, and it was held therein that a partial failure of consideration was a good defense against the third party. See, also, *Dunning* v. *Leavitt,* 85 N. Y. 30, 39 Am. Rep. 617.

We are of the opinion that, on the evidence, findings of fact could fairly be made which would constitute a defense had this been an attempt by the land company to enforce the payment of the amount set forth in the contract, and, for the foregoing reasons, as a matter of law, such findings would also constitute a defense against plaintiff.

Since, under the rule in this state, we must assume that all such findings were made by the trial court the judgment is affirmed.

McALISTER, C. J., and ROSS, J., concur.