ASSETS REALIZATION CO. v. CARDON et al.

No. 4673.   Decided November 13, 1928.   (272 P. 204.)

*Gustin & Pence,* of Salt Lake City, for appellant.

*J. D. Skeen,* of Salt Lake City, for respondents.

HANSEN, J.

The defendant Louis S. Cardon and the Cardon Company were awarded a judgment of no cause of action in the court below. The defendant Raft River Land & Live Stock Com-

pany was not served with summons and has not entered an appearance in this action. The plaintiff prosecutes this appeal from the judgment.

These are the facts disclosed by the record:

The plaintiff and the defendant Cardon Company are and for a number of years have been Utah corporations. The Raft River Land & Live Stock Company is and for a number of years has been an Idaho corporation. On August 14, 1920, the defendants Raft River Land & Live Stock Company and the Cardon Company jointly made, executed, and delivered to McCornick & Co., Bankers, of Salt Lake City, Utah, two negotiable promissory notes. Each of the notes was for the principal sum of $16,363.48. One of the notes matured May 1, 1921, and the other November 1, 1921. Each of the notes bore interest at the rate of 8 per cent per annum. The notes so executed by the Raft River Land & Live Stock Company and the Cardon Company were in renewal of notes theretofore made and executed by the defendant Raft River Land & Live Stock Company in favor of McCornick & Co., Bankers.

At the time defendant Cardon Company joined in executing the notes here involved, W. S. McCornick, president of McCornick & Co., Bankers, stated to the officers of the defendant Cardon Company that the notes of the Raft River Land & Live Stock Company were in a bad condition, and that the bank wished the Cardon Company to join in executing the renewal notes. It appears that, when these renewal notes were executed, it was contemplated that a new corporation would be organized to take over the assets of the Raft River Land & Live Stock Company. It further appears that the Cardon Company and its officers were interested in a plan to purchase the assets of the Raft River Land & Live Stock Company. At the time the renewal notes were executed W. S. McCornick stated that, when the new corporation was organized, McCornick & Co. would take the new corporation's

notes in lieu of the notes executed by the defendants Raft River Land & Live Stock Company and the Cardon Company. A new corporation was organized, and the property belonging to the Raft River Land & Live Stock Company was conveyed to it; but it never executed any note or notes in lieu of the notes involved in this proceeding.

On August 27, 1920, the defendant Raft River Land & Live Stock Company entered into a written contract with the defendant Louis S. Cardon, whereby the Raft River Land & Live Stock Company agreed to sell and Louis S. Cardon agreed to buy 3,567.93 acres of land, together with the water rights used upon the land. The price to be paid for the land and water right was $160,556.85. By the terms of the contract the defendant Louis S. Cardon assumed and agreed to pay the two notes, in the principal sum of $16,363.48, each of which were executed by the Raft River Land & Live Stock Company and the Cardon Company in favor of McCornick & Co., Bankers. The remainder of the purchase price was to be paid by Cardon assuming certain mortgages on the property and paying the balance in money to the Raft River Land & Live Stock Company. The contract between the defendants Raft River Land & Live Stock Company and Louis S. Cardon contained, among its provisions, the following:

"That a deed for the said lands, together with the water rights pertaining thereto, and particularly describing the same, will be executed by the party of the first part [Raft River Land & Live Stock Company] to the party of the second part [Louis S. Cardon], also an abstract of said lands and water rights, showing legal and marketable title thereto, and deposited in escrow with Thatcher Bros. Banking Company, of Logan, Utah, and the said bank is authorized to deliver the said deed and abstract to the party of the second part, or his assigns, upon the payment to the said bank of the sum of $24,129.89 hereinbefore mentioned.

"In the event the said party of the second part shall fail to make the said payments when the same become due, and for a period of 90 days thereafter, then the said bank is authorized, upon demand of the party of the first part, to return the deed and abstract so deposited

"with it to the party of the first part, and upon any such default being made the payments made prior to the date thereof may be kept and retained by the party of the first part, as liquidated damages for the failure of the party of the second part to perform."

The contract between the Raft River Land & Live Stock Company and Louis S. Cardon was executed in triplicate; one copy was retained by Cardon, one by the Raft River Land & Live Stock Company, and one was delivered to Thatcher Bros. Banking Company, of Logan, Utah, together with the deed to the property covered by the contract, abstract of the property and other papers connected with the transaction. The copy of the contract which was delivered to the Raft River Land & Live Stock Company was by it delivered, but not assigned, to McCornick & Co., Bankers.

On May 18, 1921, McCornick & Co., Bankers, because of financial difficulties, entered into a contract with the Federal Reserve Bank of San Francisco, Walker Bros. Bankers, Utah State National Bank, Utah Savings & Trust Company, National City Bank, Deseret National Bank, and National Copper Bank, for the purpose of liquidating the business of McCornick & Co., Bankers. Under the plan adopted by the contracting parties, the plaintiff, Assets Realization Company, was organized for the purpose of disposing of and converting into cash the assets which were assigned and transferred to it by McCornick & Co., Bankers. One of the notes involved in this action was transferred directly to the plaintiff by McCornick & Co., Bankers. The contract wherein defendant Cardon agreed to purchase the land and water right from the defendant Raft River Land & Live Stock Company was also delivered to the plaintiff. The other note was transferred to the Federal Reserve Bank of San Francisco, which, in turn, transferred it to the plaintiff under date of May 16, 1923. Neither of the notes has been paid.

Under date of September 15, 1920, Louis S. Cardon and his wife, Rebecca B. Cardon, entered into a written contract

with the Malta Land Company, a corporation, whereby the Cardons agreed to sell, and the Malta Land Company agreed to buy, the land and water right which defendant Cardon had agreed to buy from the Raft River Land & Live Stock Company. The contract between the defendants Raft River Land & Live Stock Company and Louis S. Cardon was never consummated, because of a controversy between them concerning the title to the water right covered by the contract. It appears that Cardon claimed that the Raft River Land & Live Stock Company did not have a marketable title to the water which it agreed to sell. The controversy resulted in a rescission by mutual consent of the contract between the defendants Cardon and the Raft River Land & Live Stock Company. The contract, deed, abstract, and other papers depositied with Thatcher Bros. Banking Company of Logan, were redelivered to the Raft River Land & Live Stock Company.

Under date of May 29, 1922, the defendant Raft River Land & Live Stock Company, defendant Cardon Company, Malta Irrigated Lands Company, L. S. Mann, John Y. Rich, and Charles McClure entered into a written contract whereby a new corporation was to be organized, to be known as the Bridge Land Company. The Bridge Land Company was organized, and the property described in the contract between the defendants Raft River Land & Live Stock Company and Louis S. Cardon was transferred to it.

Upon substantially these facts the plaintiff claims that it is entitled to a judgment against the defendants Cardon Company and Louis S. Cardon for the amount owing on the two promissory notes made, executed, and delivered to McCornick & Co., Bankers, by the defendants Raft River Land & Live Stock Company and Cardon Company. There is much merit to plaintiff's claim that it is entitled to a judgment against the defendant Cardon Company upon the record before us. Concededly plaintiff is the owner and holder of the two notes, and they have not been

paid. Defendant Cardon Company is admittedly one of the makers of both of the notes.

Two defenses were interposed by the defendant Cardon Company to defeat plaintiff's action: First, that it was an accommodation maker; and, second, that W. S. McCornick, president of plaintiff's predecessor in title to the notes, stated that McCornick & Co., Bankers, would accept new notes executed by the new corporation to be organized in lieu of the notes executed by the defendants Raft River Land & Live Stock Company and Cardon Company. McCornick & Co., Bankers, apparently extended the time of payment of the obligation theretofore owing to it by the defendant Raft River Land & Live Stock Company when the renewal notes were executed. Such extension of time for payment was, under all of the authorities, a sufficient consideration to support the promise of the Cardon Company to pay the renewal notes. The mere fact that McCornick & Co., Bankers, knew that defendant Cardon Company was an accommodation maker does not defeat plaintiff's right to recover. Comp. Laws Utah 1917, § 4058; *Miller* v. *Stuart* (Utah) 253 P. 900; *Miller* v. *White et al.* (Utah) 258 P. 565.

Each of the notes executed by the defendants Raft River Land & Live Stock Company and Cardon Company contained an unconditional promise to pay the amouts mentioned therein. Evidence was offered, without objection, tending to show that such promise was not absolute; that McCornick & Co., Bankers, agreed to accept as payment the notes to be executed by a corporation to be thereafter organized. Admittedly the other notes have not been executed. The defendant Cardon Company has not discharged its undertaking by paying the notes as it agreed, and the condition upon which it claims that it was to be relieved of its liability has not happened.

It is suggested in the briefs filed on behalf of the defendant that there is a misjoinder of parties defendant in this

action. Defendants are not in a position to urge such claim in support of the judgment. No objection was raised in the trial court, by demurrer or otherwise, that there is a misjoinder of parties defendant and the objection may not be raised for the first time in this court. It follows that the defenses relied upon by the defendant Cardon Company do not relieve it of liability to pay the notes involved in this action.

It is further contended on behalf of the plaintiff that when the defendant Louis S. Cardon entered into the contract for the purchase of the land and water right from the Raft River Land & Live Stock Company, he thereby became liable for the payment of the notes involved in this action. In support of such contention plaintiff relies upon the rule of law announced by many authorities to the effect that when two persons enter into a contract for the benefit of a third person, such third person may enforce such contract so made for his benefit. In support of the rule plaintiff cites the following authorities: *Clark* v. *Fisk,* 9 Utah 94, 33 P. 248; *Thompson* v. *Cheesman,* 15 Utah 43, 48 P. 477; *McKay* v. *Ward,* 20 Utah 149, 57 P. 1024, 46 L. R. A. 623; *Brown* v. *Markland,* 16 Utah 360, 52 P. 597, 67 Am. St. Rep. 629; *Smith* v. *Bowman,* 32 Utah 33, 88 P. 687; 13 C. J. 602; Pomeroy's Equity Jurisprudence, vol. 3, § 1207; *Hastings* v. *Pringle,* 37 Colo. 86, 86 P. 93; *Shamp* v. *Meyer,* 20 Neb. 223, 29 N. W. 379; *Barnett* v. *Pratt,* 37 Neb. 349, 55 N. W. 1050; *Tweeddale* v. *Tweeddale,* 116 Wis. 517, 93 N. W. 440, 61 L. R. A. 509, 96 Am. St. Rep. 1003; *Davis* v. *Calloway,* 30 Ind. 112, 95 Am. Dec. 671; *Micek* v. *Wamka,* 165 Wis. 97, 161 N. W. 367; *Gifford* v. *Corregan,* 117 N. Y. 257, 22 N. E. 756, 6 L. R. A. 610, 15 Am. St. Rep. 508; *Bay* v. *Williams,* 112 Ill. 91, 1 N. E. 340, 54 Am. Rep. 209; *Gilbert* v. *Sanderson,* 56 Iowa 349, 9 N. W. 293, 41 Am. Rep. 103; *McCoun* v. *Schrimpf,* 21 Tex. 22, 73 Am. Dec. 221; Williston on Contracts, § 3960B; Page on Contracts, vol. 4, p. 4221, § 2394.

The rule of law announced by the foregoing authorities is supported by the weight of American authority and has become the settled law in this jurisdiction. In the absence of the element of estoppel, however, the person who seeks to take advantage of a contract made for his benefit must take such contract subject to all legal defenses and equities arising out of the contract between the contracting parties. The contract must be taken in its entirety. Its benefits cannot be accepted, and its burdens rejected. *Duncan* v. *Nowell et al.*, 27 Ariz. 451, 233 P. 582; *Alexander H. Revell & Co.* v. *C. H. Morgan Grocery Co.*, 214 Ill. App. 526; *Hume* v. *Atkinson*, 8 Kan. App. 18, 54 P. 15; *Jenness* v. *Simpson*, 84 Vt. 127, 78 A. 886; *Meridian Life Ins. Co.* v. *Eaton*, 41 Ind. App. 118, 81 N. E. 667, 82 N. E. 480; *Fish* v. *Seattle First Nat. Bank* (C. C. A.) 150 F. 524; *Malanaphy* v. *Fuller, etc., Mfg. Co.*, 125 Iowa 719, 101 N. W. 640, 106 Am. St. Rep. 332; *Hargadine-McKittrick Dry Goods Co.* v. *Swofford Bros. Dry Goods Co.*, 65 Kan. 572, 70 P. 583; *Green* v. *McDonald*, 75 Vt. 93, 53 A. 332.

No claim is made that either McCornick & Co., Bankers, or the plaintiff in this action, altered its position on account of the contract entered into between the defendant Louis S. Cardon and the Raft River Land & Live Stock Company. The evidence before us tends to show, and the trial court found, that the Raft River Land & Live Stock Company failed and neglected to deliver a good marketable title to the property which it agreed to sell to the defendant Cardon. It is clear that under such circumstances the Raft River Land & Live Stock Company was never at any time in a position to enforce its contract with Cardon. The failure and refusal of the Raft River Land & Live Stock Company to perform its contract with Cardon is a complete defense to the claim here made by the plaintiff against the defendant Louis S. Cardon.

The judgment in favor of the defendant Louis S. Cardon is affirmed. The judgment in favor of the defendant Cardon

Company and against the plaintiff is reversed. This cause is remanded to the court below, with directions to grant a new trial as to the plaintiff and defendant Cardon Company. Defendant Louis S. Cardon is awarded his costs on appeal against the plaintiff. Plaintiff is awarded its costs on appeal against defendant Cardon Company.

THURMAN, C. J., and CHERRY, STRAUP, and GIDEON, JJ., concur.