## NORTON v. W. L. MACATEE & SONS.
### (No. 1074—5286.)

Commission of Appeals of Texas, Section B.
May 1, 1929.

Carothers & Brown and Walter F. Brown, all of Houston, for plaintiff in error.

H. L. Nicholson, of Houston, for defendants in error.

LEDDY, J. G. C. Curtis, a building contractor, owned a lot in the city of Houston, upon which he was desirous of erecting a brick apartment building. In order to obtain necessary funds to erect such building, he entered into a contract with L. E. Norton, plaintiff in error, a loan broker who was acting for one of his clients, by the terms of which it was agreed that a loan sufficient in amount to cover the cost of material and labor neces-

sary to erect the building would be consummated by Norton's client and the money paid over to Curtis when the building was completed by him free of liens.

At the time such contract was made Curtis was indebted to defendants in error W. L. Macatee & Sons, in a considerable sum; the only collateral held by them to secure such indebtedness being a $3,000 mechanic's lien note. For the purpose of withdrawing such collateral note, Curtis executed an order on Norton for the sum of $3,000 in favor of Macatee & Sons, which order was approved by Norton. The order reads as follows:

"Houston, Texas. April 3, 1924.

"Mr. L. E. Norton, Scanlan Bldg., Houston, Texas. Dear Sir: On completion of brick apartment corner Stanford and Peden which you have agreed to finance for me, and which is now under construction, please pay to the order of W. L. Macatee & Sons $3,000, and charge against the loan.

"Yours truly,

"G. C. Curtis.

"O. K.: L. E. Norton."

Curtis delivered the above order to defendants in error, who thereupon surrendered to him the $3,000 mechanic's lien note which they held to secure his indebtedness.

When the brick apartment which Curtis was constructing was about two-thirds completed, he became insolvent and was unable to meet his material and labor bills incurred in the construction of said building. He was adjudicated a bankrupt and foreclosure was had upon the premises upon which said apartment was being erected.

Curtis began the construction of this building in April, 1924, and under ordinary circumstances the same should have been completed in about four months. The work was suspended on the apartment for considerable time. The purchaser under foreclosure sale subsequently employed Curtis to finish the apartment, and the same was completed about March, 1925.

The loan which Norton was to procure for Curtis was never closed, as Curtis failed to comply with his agreement to complete the building free of liens.

Defendants in error W. L. Macatee & Sons brought suit against plaintiff in error Norton, their cause of action being based upon the written order copied above, and recovered a judgment for the value of the mechanic's lien note surrendered by them at the time of the delivery of such order by Curtis.

At the close of the evidence on a trial before a jury plaintiff in error requested the court to peremptorily instruct the jury to render a verdict in his favor. The request was denied and the case submitted on special issues. Based upon findings of the jury favorable to defendants in error, judgment was entered in their favor against Norton for the sum of $2,700, being the amount found by the jury to have been the value of the mechanic's lien note surrendered to Curtis when said order was delivered to them.

■ The order sued upon was not a bill of exchange; hence its acceptance by Norton did not constitute an unconditional promise by him to pay the amount specified therein. Kinney v. Lee, 10 Tex. 155; Lindsay v. Price, 35 Tex. 280; Street v. Robertson, 28 Tex. Civ. App. 222, 66 S. W. 1120; Andrews v. Harvey, 39 Tex. 126; Bank v. Williams (Tex. Civ. App.) 277 S. W. 773; Foster v. Bank (Tex. Com. App.) 288 S. W. 438; Lane Co. v. Crum (Tex. Com. App.) 291 S. W. 1084.

■ The payment of the amount stated in the order being conditional, the instrument was not negotiable. Article 5932, § 4, R. S. 1925.

■ The language, "O. K.: L. E. Norton," can only be given the effect to approve the order, according to its terms. The order shows upon its face that there existed an agreement between Norton and Curtis for the financing of the building which Curtis was then constructing through the medium of a loan. This was sufficient to put defendants in error upon inquiry and they therefore took said order subject to the terms of the financing agreement therein referred to. Such inquiry, properly pursued, would have disclosed that Curtis was obligated to complete the building so as to leave the property free of all incumbrances before he was entitled to the loan agreed to be made by Norton, and, if he failed to do so, there would be no loan against which the $3,000 specified in the order could be charged.

■ While the contract between Norton and Curtis was made for the benefit of defendants in error, they could acquire no better right to enforce the same than that held by the contracting parties themselves. Dunning v. Leavitt, 85 N. Y. 30, 39 Am. Rep. 617; Crowe v. Lewin, 95 N. Y. 423; Malanaphy v. Mfg. Co., 125 Iowa, 719, 101 N. W. 640, 106 Am. St. Rep. 332; Ellis v. Harrison, 104 Mo. 278, 16 S. W. 198; Wheat v. Rice, 97 N. Y. 296.

■ Curtis having failed to comply with the terms of his financing agreement with Norton and no fund having been created, as contemplated by the order, no liability existed upon Norton's part to pay the amount specified in the order. To hold Norton liable under such circumstances would require him to pay the money out of his individual funds, when it was plainly contemplated that the same should be paid out of the proceeds of a loan to Curtis.

■ It is urged that, as Curtis did finally complete the building, the contingency specified in the order has occurred, and therefore Norton's promise to pay has become absolute. We think the order upon its face contemplated the completion of the building under the financing agreement referred to therein

and not to a completion of such building under some other agreement and for another and different party. It must be remembered that the financing agreement between Curtis and Norton, of which defendants in error were chargeable with notice, required Curtis to complete the building for himself, so as to leave the same free of any liens. This agreement was never complied with by Curtis; hence Norton was relieved of his obligation to create the fund out of which the amount specified in the order was to be paid.

We conclude that under the undisputed facts defendants in error were not entitled to recover; hence the trial court erred in refusing the peremptory charge requested by plaintiff in error.

We recommend that the judgments of the trial court and the Court of Civil Appeals be reversed, and that judgment be here rendered in favor of plaintiff in error.

CURETON, C. J. Judgments of the District Court and Court of Civil Appeals reversed, and judgment rendered for plaintiff in error.