663 P.2d 1207

T. Donald MERTENS and Otilia Mertens, Plaintiffs-Appellants,

v.

Cliff COFFMAN, Defendant,

and

Elna Phillips, Dale Lee Phillips, Sr., and Dale Lee Phillips, Jr., Defendants-Appellees.

No. 5974.

Court of Appeals of New Mexico.

May 12, 1983.

Will Jeffrey, Paskind, Lynch & Dow, P.A., Albuquerque, for plaintiffs-appellants.

Rolf A. Melkus, Threet & King, Albuquerque, for defendants-appellees.

## OPINION

WOOD, Judge.

The trial court ruled that the seller's fraud was a defense available to the buyer when a creditor of the seller sought to hold the buyer liable on the basis of the buyer's assumption agreement. We discuss: (1) propriety of rescission because of the fraud; and (2) the seller's fraud as a defense.

There were repeated sales of the personal property of the laundromat. Parthemore sold to Slater in 1976. Slater sold to Mertens in 1978. Mertens sold to Coffman in 1979. Coffman sold to Phillips (the three Phillips defendants) in 1980. This litigation is between Mertens and Phillips, and involves Coffman's representations to Phillips. Coffman is not a party because he could not be found.

The sale to Phillips was subject to a financing agreement and security agreement between Mertens and Coffman which Phillips "assumes and agrees to pay according to the terms and conditions thereof * * *" A promissory note was a part of the security agreement.

■ Phillips went broke in operating the laundromat. Mertens sued Phillips for the outstanding balance of Coffman's note on the basis of Phillips' assumption agreement. The trial court ruled that Coffman's fraud was a defense and entered judgment for Phillips. Mertens' appeal complains that the trial court failed to exercise an independent judgment in adopting the requested findings of Phillips. This contention is frivolous. The case was tried on stipulated facts. Both parties requested findings in conformance with the stipulated facts; the difference in the requests was that Mertens requested the trial court to find the facts in accordance with the stipulation; Phillips wrote out the stipulated facts. The trial court did not err in finding facts to which the parties stipulated. *See Matter of Hamilton,* 97 N.M. 111, 637 P.2d 542 (1981).

*Propriety of Rescission*

■ Because Coffman could not be found, and thus was not a party, the trial court did not grant rescission of the Coffman-Phillips agreement. However, the trial court ruled that Phillips was "entitled to rescission".

Mertens challenges the propriety of this conclusion, asserting the findings are insufficient to support the conclusion. *In re Will of Carson,* 87 N.M. 43, 529 P.2d 269 (1974). The pertinent finding (based on a stipulated fact) reads:

Coffman stated to Phillips that (1) the water bill had been paid, when in fact it had not; (2) the outdoor sign had been paid, when it had not; (3) he would pay for the repair of a washer, but did not; (4) all the equipment was in good working order at time of transfer, when in actuality at transfer a water cooler, a heater, a washer, the pressure pump, and two dry cleaners were not operable; (5) and stated that the business was a profitable business and showing proof in the form of various monthly income and expense sheets which indicated a profitable business while Coffman was operating it, when in fact those income and expense sheets were Parthemore's income sheets

during the time Parthemore was running the business. This was not discovered until around November, 1980. Phillips relied on these representations of profitability and good working order to purchase the business. The business had in fact not been making a profit when Coffman ran it, nor did it ever make a profit after Phillips took over. Had the business' nonprofitability been revealed to Phillips, they would not have purchased the business.

Mertens asserts that the above finding shows only that Coffman breached his contract, entitling Phillips to damages for breach of contract, but not entitling Phillips to rescission. Mertens relies on *Bank of New Mexico v. Northwest Power Products,* 95 N.M. 743, 626 P.2d 280 (Ct.App.1980), which states: "A rescission is not warranted by a mere breach of contract that is not so substantial and fundamental as to defeat the object of the parties. The breach must be prejudicial and go to the root of the contract." Mertens relies on Coffman's statements concerning the water bill, the sign, repair to a washer, and the equipment being in good working order. We do not consider these items.

Coffman represented that the business was profitable, supporting this statement with income and expense sheets which had nothing to do with Coffman's business operation in 1979–1980 inasmuch as they reflected Parthemore's business operation. Parthemore sold to Slater in 1976. The business was not profitable under Coffman. Phillips relied on Coffman's representations of profitability. Had the nonprofitability been revealed, Phillips would not have purchased the business. Coffman's false statement concerning profitability was a substantial item which went to the "root of the contract."

The basis for the trial court's ruling was that Coffman committed active fraud. Contrary to Mertens' contentions:

(a) False statements as to profitability were material. *See Modisette v. Founda-*

*tion Reserve Insurance Co.,* 77 N.M. 661, 427 P.2d 21 (1967).

(b) Knowledge of falsity and intent to deceive are shown by Coffman's use of financial information from Parthemore's operation.

(c) Phillips' reliance on Coffman's representations is not disputed.

(d) Phillips was damaged; $15,000.00 was paid, and lost, as a result of the false statements of profitability.

The requirements for relief on the basis of fraud are contained in the above-quoted finding. *See Sauter v. St. Michael's College,* 70 N.M. 380, 374 P.2d 134 (1962). The fraud was in the inducement. *See McLean v. Paddock,* 78 N.M. 234, 430 P.2d 392 (1967), *rev'd on other grounds, Duke City Lumber Company, Inc. v. Terrel,* 88 N.M. 299, 540 P.2d 229 (1975). The trial court could properly rule that Coffman fraudulently induced Phillips to enter the contract.

There is no appellate claim that the issue of fraud was not before the trial court. Mertens' requested findings and conclusions recognize that Phillips "raised the affirmative defense of fraud sufficient to void their contract with Coffman * * *."

■ Mertens contends that the above-quoted finding, though evidence of fraud, was insufficient in that this evidence was not clear and convincing and, thus, was insufficient to support the trial court's conclusion. It was the trial court's function to determine whether the evidence was clear and convincing. The appellate function is to determine whether the trial court could properly have made that determination. *Duke City Lumber Company, Inc. v. Terrel, supra.* The trial court could properly have found the evidence clear and convincing in this case.

■ Mertens argues that because Phillips could have obtained relief from Coffman on the basis of breach of contract, Phillips could not properly seek rescission of the contract on the basis of Coffman's fraud.

That Phillips *could* have proceeded on a theory of breach of contract did not foreclose Phillips from proceeding on the basis of fraud. *Compare Prudential Insurance Company of America v. Anaya,* 78 N.M. 101, 428 P.2d 640 (1967).

The trial court did not err in ruling that Phillips was entitled to rescission of the Coffman-Phillips agreement on the basis of Coffman's fraud.

*Seller's Fraud as a Defense*

■ This issue, a legal one, is whether Coffman's fraud, entitling Phillips to rescind the agreement with Coffman, was a defense to Mertens' effort to collect Coffman's note from Phillips on the basis of Phillips' assumption of that obligation. No holder in due course issue is involved. *See McLean v. Paddock, supra.* Mertens' position is that of a creditor beneficiary of the Coffman-Phillips agreement. *See McKinney v. Davis,* 84 N.M. 352, 503 P.2d 332 (1972).

2 S. Williston, A Treatise on the Law of Contracts § 394 (W. Jaeger, 3rd Ed.1959), states:

§ 394. **Defenses Good Against the Beneficiary.** Another question concerns the admissibility of certain defenses by the promisor. When sued by the third person, the promisor may rely on facts showing that the promisee could not enforce the contract. Is the third person barred because the promisee would be? It is necessary to observe some distinctions here.

As has been pointed out, the foundation of any right the third person may have, whether he is a donee beneficiary or a creditor of the promisee, is the promisor's contract. It follows that any defense arising in connection with the formation of the contract, such as lack of capacity or want of mutual assent or consideration, is available to the promisor against the beneficiary.

Further, if there is a contract valid at law, but subject to some equitable defense—as fraud, mistake, or failure of consideration,—the defense may be set up against the third person. If the undertaking is to pay a debt or discharge a duty of the promisee, the rights of the third person can be derived only through a right of the promisee, and whatever defense affects the latter affects the creditor.

*See Duncan v. Nowell,* 27 Ariz. 451, 233 P. 582 (1925).

Coffman's fraud in the inducement was available to Phillips as a defense to Mertens' claim.

The judgment is affirmed. Mertens shall bear the appellate costs.

IT IS SO ORDERED.

HENDLEY and BIVINS, JJ., concur.