NEW YORK LIFE INSURANCE COMPANY, Plaintiff, *v.* SALVATORE FAILLACE, Defendant.*

Supreme Court, New York County, June 14, 1930.

*Louis H. Cooke*, for the plaintiff.

*Daniel Mungall*, for the defendant.

WALSH, J. This action is against the defendant beneficiary under a life insurance policy for the rescission of the policy on the ground of fraud. The complaint alleges that the insured fraudulently obtained the policy by making false statements as to her health; that she died within one year from the date of its issuance. It is

---

* Affd., 231 App. Div. 826.

further alleged that the policy contained a two-year incontestability clause, and that no action on the policy had been brought against the plaintiff. The complaint is attacked on the ground that the plaintiff has no cause of action against the defendant beneficiary, contending that plaintiff's remedy is against the estate of deceased. The contention is untenable. Upon the death of the assured the beneficiary is entitled to enforce the policy provisions. Whatever interest therein the assured may have had during her lifetime passed to the beneficiary upon her death, and he alone can bring action upon the policy. In the event such action were brought, the plaintiff insurer would be entitled to defeat his claim by the establishment of the fraud alleged in its complaint. In view of the incontestability provision in the policy, the insurer cannot be compelled to await the bringing of such action by the beneficiary, but may, in order to avoid a forfeiture of its rights, seek the rescission here sought. While it is true, as claimed by the defendant, that the false representations upon which the rescission is sought were not made by him, his rights are no greater than those of the assured, and the policy in his hands is subject to attack exactly as it would have been had the assured lived. To hold otherwise would permit defendant to withhold action on the policy until the two-year incontestable period had elapsed, and thereby prevent the insurer from availing itself of the fraud which it claims was perpetrated upon it by the assured. (See *American Central Life Ins. Co.* v. *Rosenstein,* 46 Ind. App. 537; 92 N. E. 380; *Chun Ngit Ngan* v. *Prudential Insurance Co. of America,* [C. C. A.] 9 F. [2d] 340.)