RUTH S. CORY, Admr. *vs.* MASSACHUSETTS MUTUAL LIFE INSURANCE CO.

JANUARY 29, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

STEARNS, C. J. This is an action of assumpsit brought by the administratrix of the estate of Clara M. Smith, the beneficiary designated in three life insurance policies issued by the defendant company upon the life of James Smith, the husband of the beneficiary.

James Smith died February 21 and Clara Smith died March 25, 1932. Proof of these deaths and the appointment of plaintiff as administratrix was duly made. Recovery is now sought upon two paid-up twenty-payment policies upon the life of James Smith, each in the amount of $5,000, one issued February 10, 1903, and the other September 15, 1904. A third policy in the amount of $4,000 issued October 9, 1924 lapsed and became void for failure to pay the premiums.

At the trial of this action by a justice of the Superior Court sitting without a jury the plaintiff abandoned any claim on said third policy. The trial justice rendered decision for the defendant on the other two policies. The case is here on plaintiff's exceptions which her counsel summarizes as follows: (1) that the terms in the loan agreement as to compound interest and the cancellation and forfeiture of the policies were not authorized by the terms of the policies and therefore were without consideration; (2) that the provision in the loan agreement as to compound interest was void as against the public policy of Massachusetts, the *locus contractu;* (3) that the dividends were not applied in accordance with the provisions of the policies and (4) that the interest was not computed in accordance with the provisions of the loan agreements. Each of the policies now under consideration has the following provision:

> "Loans. On the third or any subsequent anniversary of the date of this policy, and at other times at its convenience, the Company will loan upon

this policy, when the same is legally assigned and delivered as security for such loan (the assignment to be upon the Company's prescribed form) an amount which, together with then existing loans, if any, shall not exceed ninety per cent. of the cash surrender value; provided, that all premiums due on or before the date of making such loan shall have been duly paid . . ."

On January 28, 1926, after all premiums had been paid on these policies, the insured procured a loan of $3,000 on each policy; he executed in Providence on the prescribed form of the insurer a "policy loan certificate" which expressly provided that the execution of the certificate was subject to the approval of the insurer at its home office in Springfield, Massachusetts, and that no loan would be made unless such certificate was so approved.

The certificate, which was approved by the insurer, after reciting that each loan was made on the sole security of each policy, stated that in consideration of the loan it was agreed that the loan, together with the interest thereon as therein specified, should be an indebtedness against said policy and a lien thereon and that it might be repaid in whole or in part at any time while the policy was in force; it also contained these provisions:

"Second. That said loan shall bear interest at the rate of six per cent. per annum payable semi-annually on the first day of January and July in each year, both principal and interest payable to said Company at its Home Office at Springfield, Massachusetts; it being further agreed that in case said interest shall not be paid when due, it shall be added to and become a part of the principal of said loan and shall thereafter be subject to the same rate of interest.

"Third. That as security for said indebtedness the said policy, including all paid-up additions

thereto and all sums of money due or to become due thereunder, and all the right, title and interest of the undersigned in and to the same, are hereby assigned to said Company.

"Fourth. It is further expressly agreed that if at any time the total indebtedness against said policy, whether represented by this certificate or any other evidence of indebtedness, shall equal or exceed the then cash value of said policy, a default shall be deemed to have occurred in the repayment of said loan and said policy shall become void and no further liability shall exist thereunder, and this certificate and all other evidences of indebtedness outstanding against said policy shall be cancelled; provided, that said policy shall not be so avoided until the expiration of thirty-one days after notice shall have been mailed by said Company to the insured, the person to whom the loan is made, and to the assignee, if any, at their respective last known addresses of record at the Home Office of said Company, during which period of thirty-one days the payment of said indebtedness or any part thereof will be accepted."

On policy No. 198481 the loan and accrued interest amounted to $3,642.59 on May 9, 1929. On that day the cash surrender value of the policy was $3,642.43. The loan and accumulated interest on policy No. 178945 amounted to $3,681.47 on July 14, 1929. On that day the cash surrender value of the policy was $3,681.26. In accordance with the requirements of notice contained in the loan certificates, letters were sent by registered mail to Mr. Smith notifying him that the amount of the indebtedness on his loans exceeded the cash surrender values of his policies and that in accordance with the provisions of the loan certificates the policies would be cancelled thirty-one days thereafter unless in the meantime a sum sufficient to reduce the loan indebtedness below the

cash surrender values of the policies was paid. The insured did nothing. On June 11, 1929, policy No. 198481 was cancelled and on August 16, 1929, policy No. 178945 was cancelled at the expiration of thirty-one days after notices were given.

It appears in the evidence and was so decided by the trial justice that the computation of the cash surrender value on each policy was made in accordance with the provisions of the policy and of the law of Massachusetts; that as each installment of interest became due, a notice was sent to the insured; that he paid no attention to these notices and that, as each installment of the interest became due and was unpaid, in accordance with the agreement of the parties, it was added to the principal of the loans and thereafter was subject to the same rate of interest; also that the interest was properly computed and the dividends were applied by the insurer in accordance with the terms of the policies and the directions of the insured. The contract is clear and unambiguous. The loan provision in the policy provides in a general manner the conditions upon which loans will be made; notice is expressly given in the policy that such loans will only be made by the insurer in conformity with its rules in force at the time of making the loan. The policy was not the entire contract in regard to the loans; the loan agreement was an essential part of the contract. Before these loans were made the insured and the insurer agreed in advance upon the payment and computation of interest and for the termination of the policy upon default of the required payment. The inclusion of the forfeiture provision in the loan agreement was lawful. The insured received what he contracted for and the policy terminated in accordance with the plain terms of the contract; it was not inequitable nor was it unfair to the insured. He had thirty-one days of grace in which to remove the default by payment in whole or in part of his indebtedness. The contract is not contrary to the public policy of this State because of the provisions for cancellation of the policy or for the computation of interest. *McQuitty*

v. *Continental Life Ins. Co.*, 15 R. I. 573; *Wheaton* v. *Pike*, 9 R. I. 132. If the loan agreement is considered to be a Massachusetts contract, there is no proof that the law of that commonwealth differs from our law in these particulars.

The insured secured the full benefit of the cash surrender value of each policy. After he got the loans he paid no attention to his insurance and he never objected to the cancellations of the policies although he lived for more than two years after he was notified of said cancellations. He evidently did not intend to keep any of his insurance in force. The beneficiary of course has no greater right than the insured.

By the great weight of authority pledges of this character, because of the peculiar nature of the contract of insurance, are held to be a distinct class so far as the right of enforcement is concerned. The public sale of a pledged policy is generally held to be ineffective. The cancellation of the policy at its actual cash surrender value provides a practical method of payment of the loan and of terminating the contract.

Loan agreements similar to those in question, whether detailed in the policy or made in conformity with its provisions, are generally held to be valid. *Stevens* v. *Mutual Life Ins. Co.*, 227 N. Y. 524; *Kimball* v. *New York Life Ins. Co.*, 98 Vt. 192; 18 A. L. R. p. 1145 and cases cited therein. Couch on Insurance, Sec. 649; Cooley's Briefs on Insurance, pp. 160, 161.

For the reasons stated we are of the opinion that the loan agreement which was reasonable and fair to the insured is valid; and that the policies were legally cancelled and are void.

All plaintiff's exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the decision.

*Hinckley, Allen, Tillinghast, Phillips & Wheeler, Harold A. Andrews, James F. Armstrong,* for plaintiff.

*Walling & Walling, Everett L. Walling, Ambrose W. Carroll,* for defendant.