## SEVALD v. UNITED STATES.
### No. 5184.

Circuit Court of Appeals, Seventh Circuit.

Nov. 2, 1934.

Rehearing Denied Dec. 20, 1934.

Dominic P. Sevald, of Hammond, Ind., for appellant.

James R. Fleming, U. S. Atty., of Fort Wayne, Ind., Will G. Beardslee, Director, Bureau of War Risk Litigation, of Washington, D. C., and Randolph C. Shaw, Sp. Asst. to Atty. Gen.

Before ALSCHULER, SPARKS, and FITZHENRY, Circuit Judges.

FITZHENRY, Circuit Judge.

This is an appeal from a judgment of the District Court in favor of appellee in a suit on a war risk insurance contract. A jury having been waived in writing, the cause was heard by the court. Findings of fact and conclusions of law were made and held.

The court found that Andrew Kmak entered the military service of the United States on June 24, 1918, and that he died while in the service, on October 3, 1918. On June 28, 1918, he signed an application for $10,000 of war risk insurance, in which he designated one Adam Kmak as beneficiary, describing him as a brother. Said Adam Kmak made written representations, under oath, to the bureau of war risk insurance that he was a half-brother of Andrew Kmak, and two witnesses in support of this affidavit stated, under oath, that they had known Adam Kmak for twenty years and knew him to be a half-brother of Andrew Kmak. Thereafter the bureau of war risk insurance approved an award of insurance installments in favor of Adam Kmak and he was paid the sum of $6,-037.50 in monthly installments of $57.50 each.

In June, 1927, the United States Veterans' Bureau was notified that Adam Kmak was not a brother of Andrew Kmak but a cousin, and not within the class of persons permitted to be named as beneficiaries in such a policy. Upon the receipt of this notice the payments were discontinued. The commuted value of the remaining installments, $3,962.-40, was paid to the administratrix of the estate of Andrew Kmak. The administratrix then brought this suit to compel the United States to pay the sum of $6,037.50, the amount previously paid to the beneficiary designated by the soldier.

The court also found that Andrew Kmak was of Polish descent and unable to speak, understand, read, or write the English language and that his application for war risk insurance was, in consequence, made through an interpreter. He was asked, through the interpreter, by the officer in charge of war risk insurance, whom he wanted as beneficiary and he stated he wanted to designate his mother, then living in Poland. The officer in charge stated that the insurance must be made payable to some one in the United States and Andrew Kmak then named his cousin Adam Kmak. The officer who prepared the application wrote in the name of Adam Kmak, at the instance of the soldier, who stated therein that Adam Kmak was his brother.

Upon these facts the court found that appellant, by reason of the representations contained in the application for insurance, is estopped to assert that Adam Kmak is not within the permitted class of beneficiaries for the purposes of this suit, and that appellee is entitled to credit for the amount paid to Adam Kmak by reason of the representations of the soldier in the application for the insurance. Appellee has paid appellant all sums due and owing to her under the war risk insurance contract of Andrew Kmak.

The terms of a written application for insurance signed by the applicant cannot be varied or contradicted after a lapse of over fifteen years by parol evidence of a bystander to the effect that the written application did not embody the terms intended by the party making the application. All previous verbal statements are merged and included when the parties enter into a written contract which purports to express the agreement between them. Northern Assurance Co. v. Grand View Bldg. Ass'n, 183 U. S. 308, 22 S. Ct. 133, 46 L. Ed. 213.

Appellant cites numerous cases to the effect that parol evidence is admissible to show that the representations made in the application for insurance were not made by the applicant but by the agent of the insurer. These are cases where a false answer was made to the questions contained in an application for insurance as an inducement to the execution of the policy. Where the insurance company sets up these false representations as a defense in an action upon the policy, it has been held that parol evidence may be introduced to show that the representations in question were not made by the applicant but by the agent of the insurance company, whose knowledge of their falsity may properly be imputed to the company.

In the instant case, however, the parol evidence is introduced for the purpose of varying one of the express provisions of the written contract which is the basis of appellant's cause of action. The fact that Andrew Kmak was ignorant of the English language and had to avail himself of the services of an interpreter cannot affect our decision in this respect. We are bound to presume that he knew the contents of the application which he signed and assented to the facts which it contained. New York Life Ins. Co. v. Fletcher, 117 U. S. 519, 6 S. Ct. 837, 842, 29 L. Ed. 934; Massachusetts Protective Ass'n v. Allen (D. C.) 54 F.(2d) 788, 791. The government relied upon the statements contained therein and upon the basis of those representations, together with proofs tending to support the statements, paid out, in good faith, large sums of money to the person designated by the soldier as the person to whom he wished the money to be paid. There can be no doubt that Andrew Kmak himself would be estopped to assert a claim for these sums of money which were paid out according to his written direction, and appellant's claim is no more meritorious than that of the soldier through whom she claims. Schiefer v. United States (D. C.) 52 F.(2d) 527; United States v. Barker (C. C. A.) 70 F.(2d) 1002.

The judgment of the District Court is affirmed.