## ULMER v. UNITED STATES.

### No. 8070.

Circuit Court of Appeals, Fifth Circuit.

Oct. 21, 1936.

Alphene W. Dowell, of Savannah, Ga., for appellant.

Keith L. Seegmiller, Atty., Department of Justice, of Washington, D. C., and Dunbar Harrison, Asst. U. S. Atty., of Savannah, Ga., for the United States.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

A judgment was rendered for the United States in a suit by the administrator of Joseph Johnson which sought to recover war risk insurance payments made erroneously to the sisters and a brother of Johnson instead of to his widow and child to whom they should have gone. The undisputed facts are that Johnson during 1911, without any formal marriage, had a child by a woman under such circumstances as to make her his common-law wife. In 1918, while no longer living with her, but claiming one Hattie Howard as his "sweetheart," he enlisted in the army and on August 14th executed at one time and as one transaction before the same witnesses

his application for family allotment and for war risk insurance. In the former he stated he had no wife or child or divorced wife, and wished to make no voluntary allotment to other relatives. In the application for insurance he named as beneficiary "Me—estate of Joseph Johnson," and ordered his certificate sent to Hattie Howard, Hattiesville, S. C. Upon his death October 5, 1918, she was notified, and gave in writing information that she was not a relative, that Johnson had neither widow nor child, and that his mother and father were dead. She received and buried the body, and afterward notified one of his sisters. This sister for herself, another sister, and two brothers of Johnson claimed the insurance and made the necessary affidavits. An award was given in their favor. Shares of the installments were paid to her, another sister and one brother, but the other brother could not be located and his share was retained. In July, 1930, the administrator was appointed for Joseph Johnson's estate and he, on August 5, 1930, filed a general claim for the insurance. All the unpaid insurance was turned over to him. Neither he, the brothers and sisters nor the Veterans Administration then knew anything of the existence of the common-law wife and child. These appeared in a litigation which arose in the state courts and established their status by a judgment in October, 1933. The Veterans Administration was notified of this judgment, and this was its first knowledge of the existence of the widow and child. Johnson's administrator, having collected all that was due on the policy save what had been paid on the first award to the sisters and brother, now asserts a right to recover these payments from the United States for the widow and child. The judgment was that the suit was barred, and without merit if not barred.

On the first question there is contention as to when the claim in behalf of the widow and child was first presented, and as to the effect of half of it having been until the change in the law in 1925 vested in the minor child, who has an exception in his favor in the statute limiting the time for suit. We pass this question by, because the case is controlled on the merits by the fact that the insured himself had represented to the United States that he had no wife nor child. He directed that the insurance be paid to his estate, but the statute at his death did not allow this, and the award to

his collateral relatives in the permitted class was according to law. Reasonable care was used to ascertain the persons entitled. The United States had the insured's own statement that no wife or child existed, and no knowledge that this was not true until all the payments in contest had been made. Those claiming under the insured are estopped in such circumstances just as he would be from taking advantage of the mistake for which he was responsible. They cannot compel the United States to pay again. United States v. Barker (C.C.A.) 70 F.(2d) 1002; Sevald v. United States (C.C.A.) 73 F.(2d) 860.

Affirmed.