## UNITED STATES v. CAMPBELL.
### No. 5136.

Circuit Court of Appeals, Fourth Circuit.

Dec. 27, 1943.

Wilbur C. Pickett, Sp. Asst. to Atty. Gen. (Claud N. Sapp, U. S. Atty., of Columbia, S. C., Francis M. Shea, Asst. Atty. Gen., and Lester P. Schoene, Director, Bureau of War Risk Litigation, and Keith L. Seegmiller, Atty., Department of Justice, both of Washington, D. C., on the brief), for appellant.

R. K. Wise, of Columbia, S. C., and Warren E. Miller, of Washington, D. C., for appellee.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

SOPER, Circuit Judge.

Mary Ann Campbell, plaintiff in the District Court, brought this suit to secure payment of automatic insurance benefits for which the Government became liable on October 27, 1918, when her father died in the service of the armed forces of the United States. The amount in suit had been previously paid to the mother of the veteran as the result of misrepresentations made by him so that the present suit seeks to enforce a duplicate payment for which the Government contends that it is not liable under the circumstances.

Herbert Campbell was inducted into the military service of the United States on July 18, 1918, and died while in such service on October 27, 1918. He made no application for yearly renewable term insurance. Hence, there became payable, on account of his military service, the benefit known as automatic insurance, authorized by § 401 of the War Risk Insurance Act of October 6, 1917, as amended December 24, 1919, 41 Stat. 375, § 12, which provided that any person in the military service dying without applying for insurance, and within 120 days after his induction into service, "shall be deemed to have applied for and to have been granted insurance", payable in monthly installments of $25 each, not to exceed 240 in all, "to his widow from the time of his death and during her widowhood; or if there is no widow surviving him, then to his child or children; or if there is no child surviving him, then to his mother; or if there be no mother surviving him, then to his father, if and while they survive him".

In connection with his induction into the military service the veteran executed a written statement that he was single and had no one dependent on him for support, and he gave the name of his mother, Mary Ann Miller, as the person to be notified in case of emergency. Upon entering the hospital for treatment during his last illness, he stated in writing, on August 15, 1918, that Mary Ann Miller, his mother, was his nearest relative. Written statements of Mary Ann Miller, submitted to the Veterans' Bureau on May 21 and June 5, 1919, and May 29, 1923, were likewise to the effect that her son, Herbert Campbell, was single, leaving no widow or child surviving him.

On April 16, 1923, an award of automatic insurance on account of her son's military service and death was made to Mary Ann Miller from the date of his death, October 27, 1918, and payments were made to her from that date to February 26, 1930— an aggregate of $3,400, representing installments for 136 months.

On February 12, 1929, the Veterans' Bureau received a claim on behalf of the

plaintiff, then a minor, for dependency compensation on the ground that she was the daughter of Herbert Campbell, that being the first information coming to the attention of the Bureau that Campbell was survived by a widow or child, or any heir other than his mother. Catherine Washington, mother of the plaintiff and alleged common-law wife of the veteran, died on October 2, 1924. Recognizing her as the daughter of Herbert Campbell, the Veterans' Administration, on December 16, 1933, made an award of insurance benefits to the plaintiff of 240 installments of $25 each for the period from the date of his death, October 27, 1918, to October 26, 1938, from which a deduction of $3,400, the amount paid to the veteran's mother, was made. The balance of that award, $25 per month from February 27, 1930 to October 26, 1938, aggregating $2,600 and representing the installments for 104 months, has been paid to the plaintiff. She now seeks to recover the additional $3,400, claim for which was filed in the Veterans' Administration on January 11, 1939, and denied by that agency on June 16, 1939.

The District Judge held for the plaintiff on the ground that neither the plaintiff nor her deceased mother had done any act or made any statement which estopped either of them from claiming the full amount of the insurance and that the payments erroneously made to the veteran's mother could not be set off against the plaintiff's claim. See the opinion of the District Judge, Campbell v. United States, 48 F. Supp. 398.

We do not think that this view can be sustained. The statute provides that under the circumstances described the veteran "shall be deemed to have applied for and to have been granted insurance"; and the courts have held that when the statutory conditions are met, a contract of insurance of equal validity to those for which applications are made by veterans comes into existence. United States v. Jackson, 4 Cir., 89 F.2d 572, affirmed 302 U.S. 628, 58 S.Ct. 390, 82 L.Ed. 488; Cunningham v. United States, 5 Cir., 67 F.2d 714.

The effect of misrepresentations by a veteran in an application for war risk insurance has been considered in a number of suits brought by a representative of his estate against the United States after the veteran's death, and it has been held that if the United States has been induced by the misrepresentations to pay the proceeds of the policy to a person not entitled thereto under the statute, the United States cannot be required to pay it a second time, because the veteran's estate is estopped by the veteran's misrepresentations from making a claim. United States v. Barker, 5 Cir., 70 F.2d 1002; Sevald v. United States, 7 Cir., 73 F.2d 860; Ulmer v. United States, 5 Cir., 86 F.2d 52. The same rule should be followed when claim is made and suit is brought by a beneficiary designated by the statute in the case of the automatic insurance contract. Such a case indeed presents no substantial difference to that considered in United States v. Barker, supra, where under the statute the insurance was payable to such persons within the permissible class of beneficiaries as would be entitled to the personal property of the insured in case of intestacy, but only the representatives of the estate could sue upon the claim. It was held that payment of the proceeds of the insurance to the wrong person because of misrepresentation of the insured precluded a second payment at the suit of the administrator of the veteran's estate. So, in the pending case, the beneficiary, although not a party to the contract, rests her claim upon the contract and should have no better right to enforce it than the representatives of the estate. In general, it is true that the rights of a third person to sue on a contract entered into for his benefit are no greater than those of the parties thereto, and the beneficiary who seeks to take advantage of the contract must take it subject to the defenses and inherent equities between the promisor and promisee. Restatement of Contracts, §§ 140 and 476e. Episcopal City Mission v. Brown, 158 U.S. 222, 15 S.Ct. 833, 39 L. Ed. 960; Fish v. First Nat. Bank, 9 Cir., 150 F. 524; Dunning v. Leavitt, 85 N.Y. 30, 39 Am.Rep. 617; Malanaphy v. Fuller & Johnson Mfg. Co., 125 Iowa 719, 101 N.W. 640; Farrell v. Third Nat. Bank in Nashville, 20 Tenn.App. 540, 101 S.W.2d 158; Seward v. South Florida Securities, Inc., 5 Cir., 96 F.2d 964; Norton v. W. L. MacAtee & Sons, Tex.Com.App., 16 S.W. 2d 517; Anno., 81 A.L.R. 1292.

The same principle has been applied in suits upon insurance contracts, e.g., where there was a valid cancelation under the terms of the policy, Cory v. Massachusetts Mut. Life Ins. Co., 54 R.I. 144, 170 A. 494; where terms as to delivery of the policy

were not complied with, Jones v. New York Life Ins. Co., 69 Utah 172, 253 P. 200; where the insured has failed to give notice of the accident as provided in the policy, Sun Indemnity Co. v. Dulaney, 264 Ky. 112, 89 S.W.2d 307; where there were false representations as to age, Supreme Conclave Knights of Damon v. O'Connell, 107 Ga. 97, 32 S.E. 946; or the health of the insured, New York Life Ins. Co. v. Faillace, 138 Misc. 182, 244 N.Y.S. 426; Burruss v. Nat. Life Ass'n, 96 Va. 543, 32 S.E. 49; Keller v. Home Life Ins. Co., 95 Mo.App. 627, 69 S.W. 612. As to the effect of misrepresentations by the insured generally, see Mutual Life Ins. Co. v. Hilton-Green, 241 U.S. 613, 36 S.Ct. 676, 60 L. Ed. 1202; Pence v. United States, 316 U. S. 332, 62 S.Ct. 1080, 86 L.Ed. 1510.

We see no reason why the United States should not be relieved by the application of the same rule from making a duplicate payment of war risk insurance when it has been induced by the veteran's misrepresentations to make payment of the insurance to a person not entitled to receive it under the statute.

Reversed.