## EVANGELIOU v. UNITED STATES.
### No. 87599.

United States District Court
District of Columbia.
Civil Action Division.
May 17, 1949.

610

Warren E. Miller, Washington, D. C., for plaintiff.

George Morris Fay, United States Attorney, and D. Vance Swann, and Onan A. Hydrick, Attorneys, Department of Justice, Washington, D. C. for defendant.

LETTS, District Judge.

The pertinent facts are stipulated. It appears that on April 23, 1918, prior to his entry into the military service, the insured, Efstathios Hassotis, executed a will giving, devising and bequeathing to his sister Mary, plaintiff herein, after payment of all of his just debts, etc., "all the property and estate both real and personal of which I shall die seized and possessed." He entered the military service of the United States on April 26, 1918. On May 15, 1918, he applied for and was granted a $5,000 contract of yearly renewable term insurance, hereinafter referred to as the first contract, in which he designated his "estate" as beneficiary. On June 7, 1918, he applied for and was granted another such contract in the same sum, hereinafter referred to as the second contract, in which he designated his sister Mary Evangeliou, nee Hassotis, plaintiff herein, as the beneficiary.

The insured was killed in action on November 1, 1918, with both contracts in force, without having changed the originally designated beneficiaries. The insured died a resident of the Commonwealth of Massachusetts. A full brother, Lambros Hassotis, was likewise a resident of the State of Massachusetts, while the sister Mary was and has been since the death of the insured a resident of the Republic of Greece. On July 7, 1919, Lambros Hassotis and Mary Evangeliou were each furnished Veterans Administration Form 543 to be executed as claimants for the proceeds of the first contract, since there was in the file information to the effect that they were the sole surviving relatives who were entitled to take as the distributees of the estate of the insured, under the laws of the Commonwealth of Massachusetts. Lambros returned this form duly executed showing that his parents were dead and that he and Mary were the sole surviving relatives of the insured. Mary executed Veterans' Administration Form 514 on March 25, 1921, and forwarded it to the Veterans' Administration on which she lists, as the sole surviving relatives of the insured, within the permitted class, herself and her brother Lambros, an uncle, an aunt, a nephew and a niece. Upon receipt of these claims the bureau awarded one-half of the monthly installments, under the first contract, to Lambros, or $14.37 per month, commencing November 2, 1918, and to Mary one-half of the monthly installments under the first contract or $14.37, and the full amount of the monthly installments under the second contract, $28.75, making a total of the monthly amount awarded to her $43.12. These awards remained in effect until September 1, 1934, when information was received that at the time of the death of the insured he left surviving not only his full sister, Mary, and full brother, Lambros, but a father, a stepmother, and six half brothers and sisters, all of whom, except Lambros, resided in Greece. The father of the insured died in December 1922.

Upon receipt of full proof concerning the surviving relatives of the insured, the Veterans' Administration amended the award under the first contract, so as to award to the estate of the insured, under Section 303, World War Veterans Act of 1924, as amended, 38 U.S.C.A. § 514, the full commuted value of the installments of insurance remaining unpaid upon the death of the insured's father, which would otherwise have been paid to the said father. The award, under the first contract, was also corrected so as to pay in equal shares the monthly installments of insurance accruing subsequent to the date of death of the father to the eight brothers and sisters of the insured, which included the half brothers and sisters.

These amended awards resulted in an overpayment to Lambros of $2,227.07. This overpayment was wiped out by taking one-half of the award to the estate of the insured and equal portions of the awards payable to each of the half brothers and sisters. Mary had been paid by virtue of the original awards under the first and second contracts the aggregate amount of $8,192.80 She was entitled under both contracts by virtue of the revised award to $7,582.81, leaving $609.99 due the United States. This overpayment was liquidated by withholding a like amount of an award payable to the estate of the insured.

Section 300, World War Veterans Act of 1924, as amended, Title 38 U.S.C.A. § 511, provided, among other things, that yearly renewable term insurance shall be payable only to a spouse, child, grandchild, parent, brother, sister, uncle, aunt, nephew, niece, brother-in-law or sister-in-law or to any or all of them.

Section 303, World War Veterans Act of 1924, as amended, Title 38 U.S.C.A. § 514, provided, among other things, that:

"If no person within the permitted class be designated as beneficiary for yearly renewable term insurance by the insured either in his lifetime or by his last will and testament or if the designated beneficiary does not survive the insured or survives the insured and dies prior to receiving all of the two hundred and forty installments or all such as are payable and applicable, there shall be paid to the estate of the insured the present value of the monthly installments thereafter payable, said value to be computed as of date of last payment made under any existing award: Provided, That all awards of yearly renewable term insurance which are in course of payment on the date of the approval of this Act shall continue until the death of the person receiving such payments, or until he forfeits same under the provisions of this Act. When any person to whom such insurance is now awarded dies or forfeits his rights to such insurance then there shall be paid to the estate of the insured the present value of the remaining unpaid monthly installments of the insurance so awarded to such person:"

Plaintiff contends that the will should be accepted as evidence to show that the insured intended that she being named in his will should take the proceeds of the insurance contract. Plaintiff does not contend that she should take the proceeds by virtue of the will but only that when the will is accepted as evidence of the intention of the insured, it is equivalent to a designation of plaintiff as the beneficiary of the first insurance contract.

It is true that there is authority for plaintiff's contention if the will be made after the insured entered the military service of the United States and after his application for the insurance. The weight of authority, however, is to the effect that the rule of evidence contended for by plaintiff is not applicable in cases where the execution of the will antedates the military service and the application for insurance. The reasoning in United States v. Napoleon, 5 Cir., 296 F. 811 is not to the contrary. The rule of evidence which plaintiff seeks to apply to the facts of this case is available when the will is made simultaneously with the application for insurance or when the will is made at a time following the application for insurance. Schroeder v. United States, D.C., 24 F.2d 420; Reivich v. United States 6 Cir., 25 F.2d 670. It may be noted that the consistent administrative practice has been that only wills executed subsequent to the application for insurance are considered as evidence of the intention

of the insured with respect to the designation of beneficiaries. The designation of a beneficiary upon proof of a will must be of specific nature and must clearly show that the soldier intended the last will and testament to operate as a designation of beneficiary. Hatch v. United States, D.C., 29 F.2d 213.

■ The execution of a will by the insured prior to his entry into the military service and prior to the application for insurance standing alone is insufficient under the circumstances of the case to warrant a finding that the insured intended to make plaintiff the beneficiary under his first contract of insurance. This is true even if weight be given to the execution of the will as evidence of the intention of the insured to designate a beneficiary. It follows that the adjusted awards made by the Veterans' Administration in 1934 when the true facts were discovered as to the surviving relatives of the insured, within the permitted class, were timely made and entirely correct.

The affidavits of plaintiff and of Lambros Hassotis in support of their claims for the benefits of the first contract of insurance were false and fraudulent and known to plaintiff and to her brother Lambros to be false and fraudulent in that plaintiff and Lambros each denied that the deceased insured had left surviving him a father who was by provision of law within the permitted class of beneficiaries and entitled to receive the benefits payable under the first contract of insurance, whereas in fact the deceased insured did leave him surviving at the time of his death a father and other relatives then residing in Greece.

It is clear that such false and fraudulent statements were made by plaintiff and Lambros with intent and for the purpose of deceiving and defrauding the defendant and the defendant was in fact deceived and defrauded thereby, and in reliance upon the truth thereof made the payments of insurance benefits to the plaintiff and to Lambros under the first contract of insurance. The plaintiff intended that the defendant should rely upon such false representations. She was content to have her brother Lambros get one-half of the proceeds of the first contract of insurance. Apparently she was averse to participation by her half brothers and sisters in the distribution.

■ Plaintiff asks the court to require the defendant to make double payment in the sum realized by her brother Lambros. It has been held that, if the United States were induced by the misrepresentations of an insured, in an application for insurance, to pay the benefits of the policy to a person not entitled thereto under the statutes, the United States cannot be required to pay a second time. United States v. Campbell, 4 Cir., 139 F.2d 424. In the same case it was said that a beneficiary, though not a party to the contract, does not have any higher right than a representative of the estate of the insured. This principle of law seems more true where, as here, the beneficiary is a party to the false and fraudulent representations by reason of which the Veterans' Administration was induced to make payments to a person not entitled to the benefits of the policy.

■ This plaintiff at best is guilty of laches and it must be said that she acquiesced in the distribution of the proceeds of the contract of the insurance between herself and her brother Lambros. Courts do not look with favor on such conduct. Hayward v. National Bank, 96 U.S. 611, 24 L. Ed. 855.

■ The plaintiff has been paid more than she is entitled to under the two contracts of insurance. She may not in good conscience expect further payments. She is estopped by her conduct and by her acquiescence to require the defendant to make double payment of the proceeds of the insurance.

The defendant's motion to dismiss will be sustained. Counsel for defendant will submit an appropriate order.