## BOWENS v. UNITED STATES et al.
### No. 13185.

United States Court of Appeals
Fifth Circuit.
Oct. 27, 1950.

R. Luther Ingalls, Montgomery, Ala., for appellant.

Thos. M. Stowers, Asst. U. S. Atty., John C. Godbold, E. Burns Parker, U. S. Atty., Richard T. Rives, Montgomery, Ala., Lawrence K. Andrews, Union Springs, Ala., for appellees.

Before McCORD, BORAH and RUSSELL, Circuit Judges.

McCORD PER CURIAM.

A careful consideration of the entire record evidence in this case leads us unerringly to the conclusion that the judgment of the district court was correct and should be sustained. As the district court held, a distinction should be drawn in such cases between mere applications for additional insurance, and a clear and unequivocal request to change insurance benefits from one beneficiary to another. Here, the evidence wholly fails to reveal that at the time the deceased filled out the applications for the additional $9,000 insurance in favor of his mother, that he was aware the maximum amount of additional National Service Life Insurance to which he was then entitled was only $5,000. Moreover, there is no evidence whatever that at the time he filled out the last three applications the deceased realized that his request for the additional $9,000 insurance benefit could be granted only by depriving his wife and child of the $4000 insurance benefit already taken out in their favor. The record nowhere affirmatively reveals that the deceased even had the $4000 insurance benefit already effective in favor of his wife in mind when he filed the applications for the additional $9,000 on behalf of his mother, and in the absence of any affirmative proof as to his intentions in this regard we are not permitted to indulge in speculation and guess as to the motives which impelled him to act as he did. Upon this record, the most that could be said is that the intention of the insured, as revealed by the last three applications which he filed, was manifestly equivocal in nature, and that is wholly insufficient to effect a valid change of beneficiary as to the $4000 insurance benefit here in dispute. See Bradley v. U. S., 10 Cir., 143 F.2d 573; Leahy v. U. S., 9 Cir., 15 F.2d 949.

The case of Gann v. Meek, 5 Cir., 165 F.2d 857, is readily distinguishable under its own facts, and is in nowise applicable or controlling in favor of appellant here.

The judgment is

Affirmed.