**Gail Bryan BAGLEY, also known as Gail Brian Bagley, Plaintiff,**

v.

**UNITED STATES of America, Defendant, and Margaret (Bonnie) FORTUNATO, Interpleaded Defendant.**

**No. 58–C–310.**

United States District Court
E. D. Wisconsin.

Dec. 5, 1960.

Eric R. Schnepp, Milwaukee, Wis., for plaintiff.

Edward G. Minor, U. S. Atty., by Howard C. Equitz, Asst. U. S. Atty., Milwaukee, Wis., for defendant.

Sidney C. Kass, Coral Gables, Fla., for interpleaded defendant.

GRUBB, District Judge.

This action on a policy of National Service Life Insurance is before the court

on cross motions for summary judgment. The parties stipulated the facts. Thereafter the parties agreed that there would be no further testimony and that the case could be decided on the merits on the stipulated facts. Oral argument was waived, and the matter was before the court on briefs.

While he was a member of the armed services of the United States, Wesley J. Bagley, hereinafter called the "Insured," applied for and was granted the policy in issue, identified as Certificate No. N–3 519 911, effective September 1, 1942. In the application for this policy, plaintiff, Gail Bryan Bagley, the insured's son who was then a minor, is designated as principal beneficiary in the amount of $5,000. No contingent beneficiary is named in this application. Plaintiff is also designated as sole beneficiary on the certificate of this policy.

On June 26, 1944, the Insured executed an application for additional National Service Life Insurance in the amount of $5,000. In this application he indicated that he was then carrying government life insurance in the amount of $5,000. In paragraph 11 of the application, the Insured designated his wife, Mrs. Bonnie B. Bagley, now Mrs. Margaret (Bonnie) Fortunato, the interpleaded defendant in this action, as principal beneficiary and plaintiff, Gail Bryan Bagley, his son by a prior marriage, as contingent beneficiary. In the column marked "Amount of Insurance to be paid to each beneficiary," under this same paragraph 11, the Insured placed the word "All" opposite the name of his wife as principal beneficiary, and the same word opposite the name of his son as contingent beneficiary. A second policy was accordingly issued to the Insured, effective July 1, 1944, identified as Policy No. N–16 864 682.

The Insured died on October 9, 1945, while both policies were in full force and effect. After his death, his widow and his son filed claims with the Veterans' Administration for the insurance proceeds under Policies N–16 864 682 and N–3 519 911, respectively. The Veterans' Administration advised plaintiff's mother that in accordance with its policy respecting such designations of beneficiaries, it had determined that a substitution of beneficiary under the prior policy, No. N–3 519 911, was intended by the Insured when he indicated in the later application for additional insurance that "All" proceeds were to be paid to the beneficiary designated in that application. The Veterans' Administration further informed plaintiff's mother that unless she could furnish material representations to the contrary, it would award the proceeds of both policies to the widow, the interpleaded defendant here. Hearing nothing further on behalf of plaintiff's claim, the award was made accordingly, and the proceeds have been paid to the interpleaded defendant in monthly payments, in the total amounts to date of $4,457.40 in respect to Policy No. N–3 519 911 and of $4,369.35 in respect to Policy No. N–16 864 682.

Plaintiff attained his majority on November 11, 1955. He brought this action within the three-year period permitted under the statute, former Section 445, now Section 784(b) of Title 38 U.S.C.A. The United States answered that there had been a substitution of beneficiaries under the policy as determined by the Veterans' Administration and further interposed a counterclaim for interpleader against the substituted beneficiary, Mrs. Margaret (Bonnie) Fortunato. Should the court determine that plaintiff is entitled to all or any part of the proceeds of the policy, the government prayed for judgment against the interpleaded defendant for the amounts which have been wrongfully or erroneously paid to her.

Mrs. Fortunato answered the complaint and denied that plaintiff was named as principal beneficiary in Policy No. N–3 519 911 and requested dismissal of the action. She further answered the counterclaim for interpleader, alleging that she filed her claim upon the advice of the Veterans' Administration; that she had no knowledge that demand for payment on Policy No. N–3 519 911 had been made on behalf of plaintiff at any time; and requesting the court to dis-

charge her from all liability in the premises and to order the United States to pay her the proceeds of the policy in question.

█ The question presented in this case is whether or not there has been a substitution of beneficiaries in respect to the policy in question. Under applicable statutes and accepted principles controlling actions on National Life Insurance policies, the insured has an absolute right to change the beneficiary without notification or consent of the latter. Literal compliance with regulations providing for the manner in which a substitution of beneficiary is to be accomplished has not been deemed necessary. Prose v. Davis, 7 Cir., 1949, 177 F.2d 478; Moths v. United States, 7 Cir., 1950, 179 F.2d 824.

█ To establish that a change of beneficiary has occurred, it must be shown that the insured intended such a substitution and that he undertook a positive, affirmative act to effectuate the change. Criscuolo v. United States, 7 Cir., 1956, 239 F.2d 280; Prose v. Davis, supra.

The court is of the opinion that the determination by the Veterans' Administration that the Insured intended a substitution of beneficiary in respect to the policy in issue is erroneous.

█ The record of the proceedings before the Veterans' Administration concerning claims by plaintiff, or on his behalf, and claims by the interpleaded defendant in respect to the policy in issue has not been certified to this court. From the tenor of the communications between the Veterans' Administration and plaintiff's mother, to which the parties have stipulated, it appears that the Veterans' Administration placed the burden on the beneficiary designated in the policy to prove that a change of beneficiaries had not been intended by the Insured. This is contrary to the rule that the burden of proving the substitution is on the party claiming under it. Criscuolo v. United States, supra.

█ Considering all stipulated facts before this court, it appears that the sole evidence upon which the Veterans' Administration based its award to the substituted beneficiary is the act of the Insured in signing the application for the second policy in which the word "All" had been typewritten in the column designating the amount of the insurance to be paid to the beneficiary named in the application. There is no other fact or inference possible from any stipulated fact which would indicate that so far as the insured himself was concerned he had in mind the beneficiary of the first policy when he signed the application for the second policy.

The intent of the Insured to be inferred from the performance of this act is at best equivocal. The application for the additional National Service Life Insurance is the means of providing information to the government necessary to the issuance of the insurance requested therein. Nothing on the face of the application indicates that this application has reference to or in any manner relates to insurance already issued and effective. The question whether the applicant was then carrying outstanding government life insurance, and, if so, in what amount, has reference to the maximum amount of government life insurance obtainable; namely, $10,000. The Insured's knowledge that he had outstanding government life insurance has no relevance to the issue of substitution of beneficiary where the additional insurance requested was within the permissible maximum obtainable and the issuance of an additional policy in the requested amount would not deprive the beneficiary of an earlier policy of any benefit then in effect in his favor. Cf. Bowens v. United States, 5 Cir., 1950, 184 F.2d 730.

Although the policy sued on was in effect for three years prior to his death, the Insured did not attempt compliance with the regular means provided to accomplish a change in beneficiary therein. There is no evidence that the Insured ever manifested any intent to change beneficiaries on the first policy unless that intent is to be deduced from his signing the application for the second policy in which there was typewritten the

**8**

word "All." There is no evidence that the Insured lost interest in plaintiff, the son of his prior marriage, or was estranged from him prior to his death.

The evidence in this case is not sufficient to support a finding that the Insured intended to change the beneficiary under Policy No. N–3 519 911 or that he attempted to effectuate such a change by any affirmative conduct.

The interpleaded defendant has alleged that she had no knowledge of any claim on plaintiff's behalf before the Veterans' Administration and that she filed her claim before that agency at its request. She has not pleaded a defense against the United States on its counterclaim against her nor has she submitted a brief in support of such a defense.

Based on the foregoing decision, the court makes the following findings of fact in addition to the stipulated facts:

1. Plaintiff is the designated beneficiary of a policy of National Life Insurance, Certificate No. N–3 519 911, in the amount of $5,000, which policy was in effect at the time of the death of the Insured.

2. The evidence is not sufficient to show that the Insured intended to change the designated beneficiary under this policy.

3. The act of indicating that the beneficiary designated in a subsequent application for additional National Service Life Insurance is to receive "All" of the insurance is not a positive, affirmative act to effectuate a change of beneficiary in a prior policy of National Service Life Insurance.

4. Proceeds of the policy in issue paid to the interpleaded defendant, Margaret (Bonnie) Fortunato, under the award by the Veterans' Administration have been paid erroneously.

The following are the court's conclusions of law:

1. The court has jurisdiction of this action under former Sections 445 and 817, now Section 784 of Title 38 U.S.C.A.

2. Plaintiff is entitled to all of the proceeds of the policy sued upon.

3. The United States is entitled to the return of any proceeds erroneously paid to Margaret (Bonnie) Fortunato under the policy sued upon.

It is ordered that judgment be entered accordingly for the plaintiff and against the defendant, United States of America, and for the defendant, United States of America, on its counterclaim against the interpleaded defendant.