**Thelma I. PICKEN, a Widow, Plaintiff,**

v.

**UNITED STATES of America, Defendant,**

v.

**Bruce F. PICKEN, Third-Party-Defendant,**

**United States of America, Cross-Claimant,**

**Bruce F. Picken, Third-Party-Defendant.**

**Civ. No. 1972.**

United States District Court
E. D. Washington, N. D.
April 19, 1961.

Erickson & Freeman, Spokane, Wash., for plaintiff Thelma I. Picken.

Dale M. Green, U. S. Atty., Spokane, Wash., for defendant the United States.

Randall, Danskin, Lundin & Allison, Spokane, Wash., for third party defendant Bruce F. Picken.

POWELL, Chief Judge.

This is an action on a National Service Life insurance policy. The United States has paid the proceeds to the third party defendant. In the event the plaintiff is successful, the United States in a cross claim seeks recovery of the amount it has paid from the third party defendant.

James F. Picken, the insured, on or about December 1, 1947, converted his then existing National Service Life insurance policies and was issued a new policy, No. V 11 043 043, in the amount of $10,000. That is the policy involved in this case. On May 24, 1949, the insured wrote a letter to the Veterans Administration referring to that policy by number and designating "my brother Bruce F. Picken of Tonasket, Washington, to be my benefactor." At all times prior to, and at the time of insured's death, Bruce F. Picken was named in the policy in the records of the Veterans Administration as the beneficiary.

Plaintiff, Thelma I. Picken, and the insured, James F. Picken, were married on September 23, 1957. She was his wife at the time of his death on January 14, 1958. On that date National Service Life Insurance policy No. V 11 043 043 was in full force and effect with all premmiums.

The insured mailed a letter to the Veterans Administration at Fort Snelling, St. Paul, Minnesota, dated October 25, 1957, in the handwriting of the insured and with it a check for $45.00. The plaintiff's contention is that the letter constituted a change of beneficiary to the plaintiff, Thelma I. Picken, in accordance with the provisions of the policy. The receipt stamp on the back of the letter shows it was received by the Veterans Administration, Administrative Division, Receipt and Dispatch Unit, on November 4, 1957. The letter and the check both referred to policy No. V 043 12 156. This was not the correct policy number.

The letter was opened in the regular course by an employee of the Veterans Administration designated to perform that service, and in reading the hand written letter and check the last name was read as "PICHEN." Due to the illegibility of the handwriting of the insured his name throughout the processing of the letter and check was consid-

ered to be "Pichen", the "k" in the manner written being read as an "h".

The letter, the check and the policy provisions are set forth as follows:

*[handwritten letter:]*

① *[marking]*

② *[marking]*

1 inroehet glash.
Oct 25-57

Veterans administration
Government Life Insurance
Fort Snelling
St Paul 1, Minnesota.

Sir:
Inclosed is a check for $45.00 dollars
for (2) two months premiums, October and
November of 1957.

Please change the beneficary from Bruce
F. Pichen to my wife, mrs James F.
Pichen.

Policy number V 04312 156

*[left margin:]* Dict. 9-11-58

Sincirly yours
James F. Pichen

P md 10/31/57
V 11043043

No. 7972    Date 4-4-66
Picken    vs. U.S.A.+ Picken
Pltfs.Ident._____    Defts. Ident. 11
Pltfs. Exhibit 11    Defts.Exhibit_____

## 10. BENEFICIARIES

The Insured has the right at any time to designate the beneficiary under this policy, or to change the beneficiary without the knowledge or consent of any beneficiary. The designation or change, to be effective, must be made by a written notice signed by the Insured, and must contain sufficient information to identify the Insured. The notice must be forwarded to the Veterans Administration by the Insured or his agent. When the notice is received by the Veterans Administration, the designation or change will be deemed to be effective as of the date it was signed. A beneficiary designation, but not a change of beneficiary, may be made by last will and testament duly probated.

Any payment on this policy which is made before a proper notice of designation or change of beneficiary is received in the Veterans Administration will be deemed to have been properly made and to satisfy fully the obligations of the United States under this policy to the extent of such payment.

If no beneficiary survives the Insured, the proceeds of this policy will be paid in one sum to the Insured's estate. If a beneficiary survives the Insured and is entitled to the proceeds of this policy in one sum, and dies before receiving payment, the proceeds of this policy will be payable to the estate of such beneficiary. If a beneficiary not entitled to the proceeds of this policy in one sum survives the Insured and dies before receiving any installments, settlement will be made as if such beneficiary had died before the Insured. No payment to an estate will be made of any sum which, if paid, would escheat.

The Veterans Administration carried the $45 as an unapplied remittance. On November 7, 1957, the Veterans Administration wrote to James F. Pichen acknowledging the remittance of $45 and advised that they were unable to determine the exact status of his account. No reply was received to that letter. In the processing of the letter, check and change of beneficiary, the Veterans Administration accepted the number in the letter and on the check as the correct number and processed the remittance and change of beneficiary under that number. Since they could not find the name of "James F. Pichen" in the St. Paul office and could not find a policy bearing the number contained in the letter and on the check, the entire matter was referred to the Veterans Administration Central Office in Washington, D. C., for search at Philadelphia and Denver. The particular series of numbers shown in the letter were thought to be located in Philadelphia.

In processing the remittance and letter under the name of Pichen the Veterans Administration office followed the regular procedure, which was for the person who had the letter and the remittance card to call the Index Section. This was done but the only name used apparently was the name spelled "Pichen". There was apparently no effort to use alternate spelling in an effort to identify the insured.

On November 15, 1957, the Veterans Administration mailed the insured a notice of lapse of policy No. V 11 043 043 showing the date of the last premium payment as December 1, 1956. The insured did not respond. On December 16, 1957, the Veterans Administration mailed a final notice of lapse to the insured containing the same information as the previous notice, with no reference to the $45 remittance. On December 30, 1957, the insured wired an amount sufficient to pay the premium and prevent lapse of the policy.

During that entire period the Veterans Administration was endeavoring to associate the name "Pichen", which they had

gotten from insured's letter of October 25, 1957, with Policy No. V 043 12 156.

Although the Veterans Administration had received the letter with the check for $45 on November 4, 1957, they had not processed them through the office in Philadelphia until June 23, 1958. The insured died on January 14, 1958. The name "Picken" was not associated with the remittance and the letter of October 25, 1957. A letter written to James F. Pichen on September 11, 1958, was delivered to and a reply received from R. L. Picken, the brother of the insured. He stated that James F. Picken was "killed accidentally or otherwise last January 1958".

The Veterans Administration, although it had knowledge that James F. Picken was married at the time of the payment of the policy, nevertheless on February 25, 1958, paid the claim of Bruce F. Picken as beneficiary in the amount of $10,152.40. The testimony of all of the witnesses is that no one knew of the attempted change of beneficiary or the letter of October 25, 1957, until about October 1958.

The policy provision, which is almost identical with regulation No. 3447, 38 C.F.R. Section 8.47, is set forth in this opinion. It provides in part:

"* * * A change of beneficiary to be effective must be made by *notice in writing* signed by the insured, and forwarded to the Veterans Administration by the insured or his agent, *and must contain sufficient information to identify the Insured.* * * * Provided that any payment made before *proper notice of designation or change of beneficiary* has been received in the Veterans Administration, shall be deemed to have been properly made and to satisfy fully the obligations of the United States *under such insurance policy to the extent of such payments.* * * *"* (Emphasis supplied.)

The plaintiff contends that there was a proper change of beneficiary received by the Veterans Administration on November 4, 1957. The policy and regulation

require that the change must contain sufficient information to identify the insured. It makes no reference to the identity of the policy. Plaintiff contends there was sufficient information to identify the insured even though the policy number was in error; that the information consisted of the same signature which had always been used by Picken over a period of more than sixteen years; that the Postmaster in Tonasket, from where the letter was written, would have been able to find Picken even though the name was spelled "Pic*h*en", and that the First National Bank of Tonasket, through which bank the check cleared could have advised the Veterans Administration at once of the true identity of the maker of the check. The Veterans Administration did put the check through normal banking channels and collected it. No effort to find out the true name of the maker of the check was made through the bank. A letter to the Postmaster at Tonasket was subsequently written by the Veterans Administration and the correct information obtained. The file was never handed to the Underwriting Section or to the Index Section in the Veterans Administration in Fort Snelling, in an effort to determine the identity of the insured.

The United States, the defendant, contends that it has made a payment to Bruce F. Picken and that payment, under the regulations, satisfies its obligation; it contends it has never received a proper change of beneficiary and that the letter containing an incorrect policy number was a misrepresentation which is binding on the plaintiff, Thelma I. Picken.

The Government contends further that in the event it is required to pay the plaintiff that it should recover over from Bruce F. Picken the amount paid to him. Bruce F. Picken in turn maintains that there never was a proper change of beneficiary and that the proceeds of the policy were properly paid to him.

■■ Here the writing of the letter is evidence of the intent to make the change and is the affirmative act required. A change of beneficiary must be evidenced by (a) an intent on the part of the insured to change the beneficiary, and (b) some affirmative act by the insured evidencing that intent. Mitchell v. United States, 5 Cir., 1948, 165 F.2d 758; Aguilar v. United States, 9 Cir., 1955, 226 F.2d 414; Kendig v. Kendig, 9 Cir., 1948, 170 F.2d 750; Collins v. United States, 10 Cir., 1947, 161 F.2d 64.

■ The provision that any payment on the policy made before a proper notice shall be deemed a payment properly made, is for the benefit of the government and in the event of conflicting claims of more than one person named as beneficiary, the government may use that provision for its protection. This refers primarily to installment payments as are shown by the cases. Citron v. United States, D.C.1947, 69 F.Supp. 830; Collins v. United States, 10 Cir., 1947, 161 F.2d 64.

■ The Court will consider all processes completed to effectuate the change of beneficiary if only the mechanical acts of one party remains. Bernheim v. Martin, 45 Wash. 120, 88 P. 106; Buckner v. Ridgely Protective Ass'n, 131 Wash. 174, 229 P. 313; Sun Life Assurance Co. of Canada v. Sutter, 1 Wash.2d 285, 95 P.2d 1014, 125 A.L.R. 1089; Downing v. Downing, 9 Cir., 1949, 175 F.2d 40.

The defendant relies on the case of United States v. Campbell, 4 Cir., 1943, 139 F.2d 424. There the United States in reliance upon the insured's representation in his military records that he was single and that his mother was his nearest relative, paid automatic life insurance to the mother. They later discovered that the decedent was married and thereafter made payments to the wife and to the child of decedent. The Court stated that the wife and child being beneficiaries were estopped by reason of the action of the decedent from recovering because the insured had misrepresented his marital status.

■ The misrepresentation which is claimed by the government to preclude plaintiff is the insertion of the wrong policy number in the letter and on the check. The regulations and the policy,

however, do not require that the identity of the policy be specified. It provides that the notice must "contain sufficient information to identify the insured." It is true that the identity of the insured may be made through the policy but it is the insured and not the policy that is to be identified, and sufficient information was obtained by the Veterans Administration, if properly processed, to identify the insured.

The third party defendant maintains that the case of United States v. Hoffman, D.C., 129 F.Supp. 580, is a case in point and precludes recovery. In that case the insured described his third wife as beneficiary and his sister as contingent beneficiary. Upon his death the government commenced the payments to the third wife and later discovered that her marriage was bigamous. The sister and second wife were entitled to recover under the policy. As to the payments made to the third wife before the illegality of her marriage was discovered, the Court held that the government was protected from double payment by a policy provision similar to the one here. There was a misrepresentation of fact of marriage which was held binding on the wife and child, the true beneficiaries.

The case which is the closest to the one here involved is Bagley v. United States, D.C.E.D.Wis.1960, 189 F.Supp. 5. In that case the insured had two National Service Life Insurance policies. In the first one for $5,000, he named his son, a minor, as beneficiary. Later he secured a second National Service Life Insurance policy in the amount of $5,000. In the second application he designated his wife, Mrs. Bonnie B. Bagley, who was the impleaded defendant, as principal beneficiary, and his son as contingent beneficiary. In the column marked "amount of insurance to be paid to each beneficiary" the insured placed the word "all" opposite the name of his wife as principal beneficiary. When the insured died his widow and his son filed claims for the insurance proceeds under the first policy. The Veterans Administration advised the plaintiff, the beneficiary in the

first policy, that in accordance with its policy respecting such designations of beneficiaries, it had determined that a substitution under the prior policy was intended by the insured when he indicated in the later application for additional insurance, that "all" proceeds were to be paid to the beneficiary designated in that policy. The proceeds were paid to the impleaded defendant in monthly amounts in the total sum of $4,457.40.

The Court stated:

"Considering all stipulated facts before this court, it appears that the sole evidence upon which the Veterans' Administration based its award to the substituted beneficiary is the act of the Insured in signing the application for the second policy in which the word 'All' had been typewritten in the column designating the amount of the insurance to be paid to the beneficiary named in the application. There is no other fact or inference possible from any stipulated fact which would indicate that so far as the insured himself was concerned he had in mind the beneficiary of the first policy when he signed the application for the second policy." 189 F.Supp. 5, 7.

The Court held that the payment to the widow was proper to the extent of the proceeds of the second policy only. The son was established as the beneficiary of the first policy and the government required to make payment to him of the total amount of that policy. The widow was required to repay to the government the amount which she had received from it.

▆▆ The issue here is whether the letter contained sufficient information to identify the insured and therefore constituted a proper change of beneficiary. In my opinion it did constitute a proper change of beneficiary. The Veterans Administration did not use all information available to it when it processed the letter and check. The plaintiff is entitled to recover from the defendant the full amount of the policy. In turn, the government on its cross claim is entitled to

judgment against Bruce F. Picken for the amount paid to him.

The plaintiff may prepare findings of fact and conclusions of law and judgment in accordance with this opinion.